*H. P. Biddle*, for appellant.

Nov. Term, 1860.

HAZLETT
v.
GAMBOLD.

————◦◦◦◦————

### HAZLETT and Others *v.* GAMBOLD.

Depositions of witnesses, who are residents of a county adjoining that in which a cause is pending, can not be used in evidence on the trial of such cause, unless the witnesses are shown to be within some one of the exceptions mentioned in § 250 of the code.

The admissibility of a deposition may be tested as well after as before the commencement of the trial, in case the deposition itself does not disclose the ground of objection.

APPEAL from the *Putnam* Circuit Court.

DAVISON, J.—The appellee, who was the plaintiff, sued the appellants for hogs sold and delivered, and for money paid, &c.   There was a verdict for the plaintiff; upon which the Court, having refused a new trial, rendered judgment. During the trial, the plaintiff offered to read in evidence to the jury, the depositions of *Thomson Park, John Whetstone,* and *Elijah Park;* to the reading of which the defendants objected, on the ground that these witnesses all resided in the county of *Montgomery,* a county adjoining that in which the cause was then being tried: and at the same time, they, the defendants, offered to prove that said witnesses were residents of *Montgomery* county; were within the reach of the process of the Court, and that the plaintiff had used no diligence to procure their attendance.   The Court refused the proof, overruled the objection, and permitted the deposi-

Tuesday,
*December* 11.

tions to. be read in evidence. This ruling is assigned for error. The code says: "In all actions, depositions may be taken by either party, in vacation, immediately after the service of the summons, without an order of the Court, and, in term time, by agreement of the parties. They may be used on the trial of all issues, in any action, in the following cases: 1. Where the witness does not reside in the county, or in a county adjoining the one in which the trial is to be held, or is absent from the State. 2. When the deponent is so aged, infirm, or sick, as to be unable to attend, or is dead. 3. When the depositions have been taken by agreement of the parties, or by order of the Court. 4. When the deponent is a State or county officer, or a judge, or practicing physician, or attorney at law, and the trial is to be had in any county in which the deponent does not reside. In either of the foregoing cases, the attendance of the witness can not be enforced." 2 R. S., § 250, p. 86.

Assuming that the objection to the depositions was made at the proper time, the ruling of the Court can not be maintained; because the statute, though it allows depositions to be taken "in all actions," does not allow them to be read in evidence in any case, other than those which it points out. These depositions are not within either case prescribed by the statute. But it is insisted that the objection is not available, because it was not made before .the commencement of the trial. Section 266 of the code provides, that "all objections to the validity of any deposition, or its admissibility in evidence, shall be made before entering on the trial, not afterward. But any deposition, after the commencement of the trial, may be suppressed, if any matter which is not disclosed in the deposition appears, which is sufficient to authorize such suppression." *Ibid.*, p. 88. As we construe this provision, the admissibility of a deposition may be tested as well after as before the commencement of the trial, in case the deposition itself does not disclose the ground of objection. If this construction be correct, and we think it is, the Court committed the assigned error; because the matter relied on by the defendants is not disclosed by the depositions, but at once shows them to have been inadmissible as evidence.

*Per Curiam.* — The judgment is reversed, with costs. Cause remanded, &c.

*H. Secrist* and *D. E. Williamson*, for appellants.

*J. P. Usher* and *Jno. A. Matson*, for appellee.