## O'CONNER *v.* O'CONNER.

SLANDER.—PLEADING.—In an action of slander, matters in mitigation need not be specially pleaded, but may be given in evidence under the general issue.

DEPOSITIONS.—Where it appears in a deposition that the witness resides in the county where the action is pending, or in an adjoining county, the deposition cannot be used on the trial unless it is shown that at the time of offering it the witness has ceased to reside in the county, or in an adjoining county, or that he is absent from the State.

APPEAL from the *Hendricks* Circuit Court.

RAY, C. J.—This was an action for damages, by reason of slanderous words spoken by the appellant.   Answer in denial, and in three paragraphs in mitigation of damages.   A demurrer was sustained to the answers in mitigation.

It has been held by this court, that it is not necessary, though permitted by the code, to answer in mitigation in

actions of slander. Such evidence may be given to the jury under the general denial. *Swinney* v. *Nave et al.*, 22 Ind. 178. In the case of *Thurman* v. *Virgin et ux.*, 18 B. Mon. 785, the same rule was stated by the Court of Appeals of *Kentucky*, under a provision of their code to the same effect as section 87 of our own. If, therefore, error had occurred in the action of the court upon the demurrers to these answers in mitigation, it could not avail the appellant in this court.

It is objected that the deposition of one *Thompson* was read in evidence, over the objection of the appellant. The deposition disclosed that *Thompson* resided in *Indianapolis;* that in the year 1865, he was a soldier in the 148th regiment of *Indiana* Volunteers. It was shown that on the —— day of ——, 1866, a subpœna had been issued to the sheriff of *Marion* county, and returned not found. The writ is not copied into the record. The trial was had on the third day of *March,* 1866. The bill of exceptions states that it was admitted that the regiment had been discharged from service in the year 1865. It is also stated that the appellee "proved, by one witness, that although inquiry had been made by said witness as to where *Peleg Thompson,* the witness whose deposition is taken herein in *Indianapolis,* now resides, he could learn nothing of his residence at this time." Our statute provides that a deposition may be used on the trial of a cause where the person whose evidence is offered "does not reside in the county, or in a county adjoining the one in which the trial is to be held, or is absent from the State." The return of not found to the subpœna was not sufficient to establish the fact that the witness did not reside in a county adjoining *Hendricks.* How diligently the inquiry had been prosecuted for the discovery of the person whose deposition had been taken, does not appear. The witness who made the inquiry does not state that it had been sufficiently thorough to satisfy his own mind that *Thompson* was not still a resident of *Marion* county, or that he was then absent from the State. The evidence did not authorize the court

to permit the deposition to be read on the trial. As this deposition contained the only proof of the speaking of the slanderous words charged, or any part or set of them, the judgment must be reversed.

The judgment is reversed, with costs, and the cause remanded for a new trial.

*L. M. Campbell*, for appellant.

*C. C. Nave*, for appellee.