Mills *et al. v.* Winter.

Filed April 2, 1884.

---

No. 11,263.

## MILLS ET AL. *v.* WINTER.

SUPREME COURT.—*Complaint.*—*Demurrer.*—A complaint prayed for relief, either the rescission of a contract or damages for deceit, and there was judgment for damages only. The overruling of a demurrer to the complaint was assigned for error, but the argument questioned only its sufficiency for rescission. The Supreme Court refused to consider that question.

SAME.—*Bill of Exceptions.*—*Evidence.*— *Witnesses.*—Where a bill of exceptions shows that the party offered, but was not permitted, to prove a certain fact by several witnesses named, the fact being proper evidence, but does not show that the witnesses were produced, no error is shown.

PARTIES.—*Husband and Wife.*—*Statute Construed.*—A suit by a wife for de-

ceit in obtaining a conveyance of her lands concerns her separate property, and section 254, R. S. 1881, authorizes her to sue alone in such case.

EVIDENCE.— *Witness.*— *Opinion.*—*Non-Expert.*—When it is material to prove that a person was of fickle mind, a witness, not an expert, who was well acquainted, is competent to give his opinion upon the subject, based upon facts to which he had testified.

SAME.—*Immateriality.*—*Error.*—The admission of immaterial evidence is not available error.

From the Montgomery Circuit Court.

*G. D. Hurley, B. Crane* and *R. B. Green,* for appellants.

*M. Thompson, W. B. Herod, W. H. Thompson* and *J. F. Harney,* for appellee.

BLACK, C.—The appellee, Martha Winter, sued Louisa Stringer and the appellants, Henry D. Stringer and William Mills, and obtained judgment against the appellants. Said Mills alone assigns as errors the overruling of his demurrer to the complaint, the overruling of his motion for a new trial, and the overruling of his motion in arrest of judgment.

The demurrer stated as causes, defect of parties plaintiffs, in that James Winter was a necessary plaintiff; defect of parties defendants, in that he was a necessary defendant, and want of sufficient facts.

The complaint charged that the defendants, by fraudulent representations and practices stated, induced the plaintiff to exchange her certain real estate in Montgomery county, Indiana, for certain land of the defendant Louisa Stringer in Illinois, a certain sum of money also being received by the plaintiff in the transaction. The prayer was in the alternative, for a rescission or for damages.

The objections urged in argument upon the subject of the sufficiency of the facts stated relate only to the question of the sufficiency of the complaint as a complaint for rescission. The judgment was not for rescission, but was for damages.

As counsel have suggested no infirmity which could be regarded as a defect in a complaint for damages only, we will assume the complaint to be sufficient as a complaint for deceit.

The record does not show the date of the filing of the orig-

Mills *et al. v.* Winter.

inal complaint. That to which the demurrer was directed was a substituted complaint filed in February, 1883. It showed that at the time of the fraudulent transaction alleged therein, November, 1880, and immediately thereafter, James Winter was the husband of the plaintiff, but unless it must, therefore, be presumed that she was still a married woman, it was not shown that she was such. However this should be regarded, we think that an action brought by a married woman for deceit in the procurement of a transfer by her of her separate property, is an action concerning her separate property within the meaning of the provision of section 254, R. S. 1881, that a married woman may sue alone when the action concerns her separate property. No suggestion of defect of parties defendants has been made in argument.

Of the causes stated in the motion for. a new trial but two are relied on here.

The plaintiff introduced evidence to impeach the character for truth of the defendant Henry D. Stringer, who had testified as a witness for the defendants. After the close of the plaintiff's evidence in rebuttal, the record shows the following: " The defendants offered to introduce the following witnesses in support of the character of defendant H. D. Stringer for truth and veracity." Five names of persons are then set out. " The court overruled the offer, to which ruling of the court the defendants, by counsel, at the time excepted."

It is the uniform practice of this court to refuse to set aside rulings of the trial court unless they appear to be erroneous, and, for the purpose of upholding the result reached below, to indulge every reasonable presumption in favor of those rulings.

No objection to what was offered appears to have been made on behalf of the plaintiff. It is not shown on what ground the court overruled the offer. We can not say that the record is wholly inconsistent with the existence of some valid reason for the ruling.

If an offer. were made in the form here shown, and the wit-

nesses named were not present, it would not be error to over-rule the offer. In such case the proposition should be for op-portunity to bring in the witnesses, and the ruling of the court would involve the consideration, among other things, of the question of diligence, a question which would not enter into a ruling excluding a witness present in court. So, if an offer were made as here shown by the record, and if the wit-nesses named, being produced, were, for any reason, incom-petent to testify, it would not be error to overrule the offer.

For all that appears in the record, such reasons for over-ruling the offer as we have supposed may have existed.

In such a case, the party excepting should see to it that the bill of exceptions is so made up as to show affirmatively that the offer should have been sustained.

In the complaint it was stated, as a part of the fraudulent means by which the plaintiff was prevailed upon to convey her land, that the defendant Henry D. Stringer, knowing that the plaintiff's husband, James Winter, was of a fickle, visionary turn of mind and was easily influenced by said Stringer, obtained an undue influence over him by various artifices stated, and got his assistance in carrying out the fraudulent purposes of the defendants to cheat and defraud the plaintiff out of her land.

On the trial, one Daniel W. Rouk, a witness testifying on behalf of the plaintiff, was asked by the plaintiff, referring to said James Winter: "What would you say as to his be-ing a man of fickle mind?"

The record shows an objection to this question, on the grounds that it was incompetent, irrelevant and immaterial, and "the witness is not shown to be an expert on questions of this sort, and it is improper to prove the fact in that way."

The objection was overruled, and the witness answered: "I consider him very fickle minded."

The objection that the evidence was incompetent was too general. If it was immaterial, that would be sufficient rea-son for excluding it, but not a good reason for reversing the

judgment because of its admission. . What has been said of the complaint shows that the evidence was not irrelevant.

The mental characteristic, concerning which inquiry was made, was a matter in regard to which the witness had shown himself qualified to testify, though he was not an expert, by reason of his acquaintance and intercourse with James Winter, and their dealings with each other; and he stated in answer to another question, that his answer to the question to which objection was so made was based upon the facts which he had previously stated.

We find no available error in the record; therefore, the judgment should be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be affirmed, at the costs of the appellants.

Filed April 2, 1884.