## Ross, Receiver, *v.* Griswold.

[No. 10,469.   Filed December 10, 1920.   Rehearing denied March 16, 1921.]

1. Depositions.—*Motion to Suppress.*—*Time for Making.*—*Statute.*—Under §455 Burns 1914, §439 R. S. 1881, the admissibility of a deposition may be tested after the commencement of the trial if the deposition itself does not disclose the ground of objection.   p. 183.

2. APPEAL.—*Review.*—*Ruling Suppressing Deposition.*—*Conclusiveness.*—Where the ruling of the trial court suppressing a deposition after hearing evidence under §455 Burns 1914, §439 R. S. 1881, is supported by some evidence, it will not be disturbed on appeal. p. 183.

From Howard Circuit Court; *William C. Overton,* Judge.

Action by William Griswold against Walter L. Ross, receiver. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Van Brunt & Harker,* for appellant.
*Conrad Wolf* and *Earl B. Barnes,* for appellees.

REMY, C. J.—Appellee recovered judgment for damages for personal injuries alleged to have been sustained by appellee while in the employ of appellant as railroad brakeman. The only question properly presented for consideration by this court, and not specifically waived by appellant at the time of the oral argument, are those presented by the alleged error of the trial court in overruling the motion for a new trial.

Among the reasons for a new trial urged by appellant is the action of the court in suppressing certain depositions. The motion to suppress was not made before, but during the progress of, the trial. It has been held that, under §455 Burns 1914, §439 R. S. 1881, the admissibility of a deposition may be tested as well after as before the commencement of the trial, if the deposition itself does not disclose the ground of objection. *Hazlett* v. *Gambold* (1860), 15 Ind. 303. In the instant case, the depositions had been taken in the city of Toledo, Ohio, and the objection made by appellee was that the notary public before whom the depositions had been taken was at the time an attorney in the case for appellant. When the depositions were offered by appellant, and objections to their admission were interposed

by appellee, the court heard evidence on the issue of their admissibility. The question thus presented was one of fact for the trial court, and there being evidence to support the court's ruling, it cannot be disturbed on appeal.

Error is predicated upon the action of the court in the giving of certain instructions. The court's instructions, however, when taken as a whole, fairly state the law of the case.

The verdict is fully sustained by the evidence. Judgment affirmed.