## Union Traction Company *v.* Taylor.

[No. 10,911.  Filed April 25, 1922.  Rehearing denied November 16, 1922.  Transfer denied March 20, 1924.]

1. Appeal.—*Review.—Overruling Motion to Make More Specific.* —Overruling a motion to make a pleading more specific is not reversible error unless the mover shows that he was harmed by the ruling on said motion.  p. 259.

2. Street Railroads.—*Ordinances Regulating.—Validity.*—An ordinance giving the city fire department right of way in case of fires, and requiring all street cars to stop and remain stopped until all fire apparatus had passed, is binding on a street railway which was operating under a franchise which reserved no right in the city to adopt such ordinance.  p. 259.

3. Street Railroads.—*Negligence.—Pleading.—Sufficiency.*—In a complaint by a city fireman against a street railway company for personal injuries received in a collision of a street car and fire apparatus, on which the plaintiff was riding, an averment that as said fire apparatus was being driven rapidly down one of the streets of said city in answer to a fire call, the defendant negligently ran one of its cars in front of said fire apparatus, thereby causing said car and fire engine to come into collision, whereby the plaintiff was injured, sufficiently charges negligence.  p. 260.

4. Street Railroads.—*Negligence.—Speed of Cars.—Evidence.* —In an action by a city fireman against a street railway company for personal injuries received in a collision of a street car and fire apparatus, on which plaintiff was riding, evidence of the habitual speed of street cars along the street at the point where the collision occurred was admissible on the ques-

tion whether the street car was being operated at a speed which violated a city ordinance, the evidence furnishing some proof by way of comparison.  p. 260.

5.  STREET RAILROADS.—*Negligence.*—*Operation of Cars.*—*Franchise.*—*Admissibility.*—In an action by a city fireman against a street railway company for personal injuries received in a collision between a street car and fire apparatus on which the plaintiff was riding, the franchise theretofore granting the defendant the right to lay its tracks through the streets of the city and to operate its cars thereon, is inadmissible in evidence because not relevant.  p. 261.

6.  PERSONAL INJURIES.—*Damages.*—*Earnings at Former Occupation.*—In an action by a city fireman for personal injuries, the admission of evidence that before he became a member of the fire department, he was a painter and that he had worked at that trade for a number of years, and of his ability to follow said trade in the future, and as to his earning power thereat, is not error, in view of the uncertain duration of a fireman's employment.  p. 261.

7.  EVIDENCE.—*Judicial Notice.*—It is a matter of common knowledge that employment as a member of a municipal fire department is of very uncertain duration.  p. 261.

From Delaware Circuit Court; *William A. Thompson,* Judge.

Action by Charles E. Taylor against the Union Traction Company.  From a judgment for plaintiff, the defendant appeals.  *Affirmed.*

*J. A. VanOsdol, Warner & Warner* and *George D. Forkner,* for appellant.

*John McPhee* and *Wilbur Ryman,* for appellee.

ENLOE, J.—On March 19, 1918, the appellee was in the employ of the city of Muncie, as a member of its fire department.  On the morning of said day, said fire department received a call to a fire on Franklin Street, near Seymour.  In going from the station house of the fire department to the scene of the fire, it was necessary to cross Howard Street, over which appellant operates its line of cars.  The fire truck, upon the rear end of which appellee was riding, was motor driven, and in crossing Howard Street, a collision occurred between.

said truck and one of appellant's cars whereby appellee was injured.

The complaint upon which the cause was tried was in two paragraphs. The negligence charged in the first paragraph was, failure to stop said street car upon the approach of said fire engine, and failure to give right of way and privileges of said street crossing to said fire truck, both as required by ordinance of said city, and negligently running said car at a speed in excess of that permitted by ordinance of said city. The negligence charged in the second paragraph of complaint was, failure to observe and heed the warning of the bell on said fire truck, giving notice of its approach to said street crossing, and failure to stop and hold said car on the west side of Franklin Street. The appellant answered by a general denial and the issues thus formed were submitted to a jury for trial, resulting in a verdict and judgment for the appellee. Appellant's motion for a new trial having been overruled, it now prosecutes this appeal, and has assigned as error: (1) the action of the court in overruling its motion to make the second paragraph of complaint more specific; (2) overruling demurrer to each paragraph of complaint; and (3) overruling motion for a new trial.

The appellant has made no showing that it was in any way harmed by the ruling on said motion to make said paragraph of complaint more specific, and

1, 2.  therefore no error is shown in this matter. *Union Traction Co.* v. *City of Muncie* (1923), 80 Ind. App. 260, 133 N. E. 160, and authorities there cited.

It is next urged that the complaint was insufficient and that the demurrer thereto should have been sustained. In the first paragraph of complaint, it is alleged that the servants of appellant, in charge of said street car, were, at the time in question, operating said

car in violation of an ordinance of the city of Muncie, known as the "traffic ordinance" of said city. Sections 17, 23, and 44 of said ordinance are set out in said paragraph of complaint, and by these sections, the fire department of said city is given the right of way, when answering a fire call, over all other traffic. This ordinance required street cars to stop, and so remain until all fire apparatus had passed. This ordinance, it was alleged, appellant had violated. The appellant contended that this ordinance was not binding upon it; that its franchise constitutes a binding contract between itself and the city of Muncie, and that the city has no right to regulate the movement of cars upon its tracks other than that reserved to it by said franchise. The contention of appellant in this case, as to said ordinance, is the same as made by it in the City of Muncie case, *supra,* and, on the authority of that case, we hold that there was no error in overruling said demurrer.

In the second paragraph of said complaint, it is alleged that the "pumper" upon which appellee was riding, in the line of his employment, was, in answer to a fire call, being driven rapidly south on Franklin Street on its way to the fire, and the appellant, by its agents and servants, negligently ran one of its cars across said Franklin Street in front of said "pumper," thereby causing said car and "pumper" to come into collision, whereby appellee was injured. This was a sufficient charge of negligence to make this paragraph good as against a demurrer. *Lake Erie, etc., R. Co.* v. *Moore* (1907), 42 Ind. App. 32.

Appellant next complains of the admission of certain evidence on behalf of appellee, over its objection. The complaint charged that the street car in question was being run and operated, at a speed of twenty-five miles per hour, in violation of a city ordinance. The answer of appellant directly put this

fact in issue. It was one of the contested points in the case. The motorman operating the car testified that he was running about seven or eight miles per hour. Under the issues and facts of this case, there was no error in permitting the witness to answer the question as to the speed at which cars of appellant were usually and habitually run over this street at and near the place of the collision. This evidence was intended to illustrate the point under examination by comparison. *Chicago, etc., R. Co.* v. *Spilker* (1893), 134 Ind. 380.

Appellant next insists that the court committed error in excluding from the jury the ordinance of the city of Muncie granting to it the right to lay its track through the streets of said city and operate its cars thereon. It contended that said ordinance was competent as being the sole and only contract between appellant and said city, and as being the only ordinance by which appellant was bound. What was said by this court in the City of Muncie case, *supra,* disposes also of this contention. There was no error in excluding said offered evidence.

The record in this case discloses that the appellee, prior to the time he became a member of the fire department of the city of Muncie, was, by trade, a painter, and that he had worked at that trade for a number of years. The court permitted him to give testimony as to his ability to follow said trade in the future, and as to his earning power thereat. Employment as a member of a municipal fire department is neither a "trade" nor a "profession;" it is an employment which, as a matter of common knowledge, is of very uncertain duration. Under these facts, there was no error in admitting said testimony.

Complaint is also made of the action of the court in giving certain instructions, and also, in refusing to give certain requested instructions. We have examined

Blackford Co. Bank *v.* Eaton State Bank—81 Ind. App. 262.

each and all of the said instructions, and find no error in this matter. Considering the injuries sustained by appellee, the amount of the verdict is not excessive. We find no error in this record.

Judgment affirmed.