MAY TERM, 1923. 145

Concordia, etc., Benefit League *v.* Gunther—80 Ind. App. 145.

## CONCORDIA MUTUAL BENEFIT LEAGUE *v.* GUNTHER.

[No. 11,637. Filed June 8, 1923.]

APPEAL.—*Complaint.—When Deemed Amended.*—Where it affirmatively appears from the whole record on appeal that the facts not well pleaded were, on the trial, proved by competent testimony and the merits of the cause fairly determined, the court on appeal will deem the complaint amended, and the judgment will not be arrested for the reason that the complaint does not state facts sufficient to constitute a cause of action.

From Lake Superior Court; *Charles E. Greenwald,* Judge.

Action by Theophilia Gunther against the Concordia Mutual Benefit League, a corporation. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*F. S. Draper,* for appellant.
*Davis & Starr,* for appellee.

REMY, J.—Action by appellee against appellant, a fraternal benefit society, on a benefit certificate issued to appellee's husband, in which certificate appellee is named as beneficiary. The complaint was not tested by demurrer. Besides a denial, appellant filed answers setting forth that the insured, in violation of the terms of his certificate, had become a member of a certain other society, and without notice to appellant had changed his occupation from one that was nonhazardous to an occupation exceedingly hazardous, and that appellant, before the commencement of this action, elected to rescind the insurance contract. The issues were closed by a reply in two paragraphs, (1) denial, and (2) that with knowledge of the insured's membership in the prohibited society, and that he had changed his occupation, appellant had collected from him in his lifetime all dues and assessments, retained the same, and did not rescind,

VOL. 80—10

or attempt to rescind, the membership certificate, until after insured's death.

Trial by the court resulted in a judgment for appellee.

A new trial having been denied, appellant moved arrest of judgment "for the reason that the complaint does not state facts sufficient to constitute a cause of action." It is contended by appellee that by its failure to demur to the complaint for want of sufficient facts appellant waived a consideration of its motion in arrest, citing *Hedekin Land, etc., Co.* v. *Campbell* (1916), 184 Ind. 643, 112 N. E. 97. Appellant suggests that the holding in the case cited has been modified by the later decision of the Supreme Court in *Prudential Ins. Co.* v. *Ritchey* (1918), 188 Ind. 157, 119 N. E. 484, and cites 2 Watson, Revision Work's Practice §1904, in support of the suggestion. In our view, it is not necessary to decide the question thus presented. Appellant could in no event have been harmed by the court's ruling. Although the facts are not set forth in the complaint as fully as they should be, nevertheless it affirmatively appears from the whole record that the facts not well pleaded were, on the trial, proved by competent testimony, and that the merits of the cause have been fairly determined. Under such circumstances, this court will deem the complaint to be amended. *Vulcan Iron, etc., Co.* v. *Electric, etc., Min. Co.* (1912), 54 Ind. App. 28, 99 N. E. 429, 100 N. E. 307; *Kec* v. *Kec* (1923), 79 Ind. App. 186, 137 N. E. 632; *Union Frat. League* v. *Sweeney* (1916), 184 Ind. 378, 111 N. E. 305; *Volker* v. *State, ex rel.* (1912), 177 Ind. 159, 97 N. E. 422.

The evidence, though meagre as to some issues of which appellee had the burden, is sufficient to sustain the decision of the trial court.

Affirmed.