YELLOW CAB COMPANY *v.* KURYCZAK ET AL.

[No. 13,976. Filed January 28, 1931. Rehearing denied May 1, 1931. Transfer denied June 12, 1931.]

G. A. Farabaugh, Harold Robertson and Walter R. Arnold, for appellant.

Floyd O. Jellison, for appellee.

LOCKYEAR, C. J.—On October 17, 1926, appellant was operating a taxicab on the Lincoln Highway in South Bend, Indiana. Near the same time and place, appellee William D. Kuryczak was operating an automobile belonging to appellee Evaline Maculski, who was riding in the automobile with William D. Kuryczak. The taxicab and the automobile collided on said highway near the intersection of Sample Street in said city.

Appellant filed a complaint against appellees for damages to the taxicab, and appellee Evaline Maculski filed a cross-complaint for damages to the automobile. Both parties waived any question as to the propriety of filing a cross-complaint or counterclaim in this kind of action. There was a trial by jury, a verdict was returned against appellant in favor of appellee Evaline Maculski on her cross-complaint in the sum of $500, for which amount judgment was rendered.

Appellant filed a motion for a new trial on the grounds, among other things, of error of law occurring at the trial in this: The court erred in admitting and permitting to be read in evidence, over the objections of appellant, a certain deposition taken on behalf of appellees and offered by them, given by one John Howard. The record in this case shows that the deposition of John Howard was taken as alleged in the motion for a new trial, and the appellees offered the deposition in evidence, whereupon, the appellant objected on the

ground that the cause for taking the deposition was not shown to exist at the time of the trial. Evidence was introduced by both parties on the question of the whereabouts of the witness Howard, and as to the efforts made to locate him and procure his presence at the trial. From the evidence heard by the court, we hold that it was justified in holding that the cause for taking the deposition still existed, and that no error was committed by allowing the deposition to be read in evidence. Section 465 Burns 1926 (Acts 1881 p. 240) reads as follows: "In all actions, depositions may be taken by either party, in vacation or term time, at any time after service of summons, without order of court therefor. They may be used in the trial of all issues, in any action, in the following cases: First. Where the witness does not reside in the county, or in a county adjoining the one, in which the trial is to be held, or is absent from the state. Second. When the deponent is so aged, infirm, or sick, as not to be able to attend the court or other place of trial, or is dead. Third. When the depositions have been taken by agreement of parties, or by order of the court trying the cause. Fourth. When the deponent is a state or county officer, or a judge, or a practicing physician, or attorney at law, and the trial is to be had in any county in which the deponent does not reside. In either of the foregoing cases, the attendance of the witness cannot be enforced." When a deposition is offered to be read in evidence, it must appear to the satisfaction of the court that the cause for taking and reading still exists before it can be read in evidence. *Haun* v. *Wilson* (1867), 28 Ind. 296; *Hazlett* v. *Gambold* (1860), 15 Ind. 303; *O'Conner* v. *O'Conner* (1866), 27 Ind. 69; *Indianapolis, etc., R. Co.* v. *Stout, Admr.* (1876), 53 Ind. 143.

After the reading in evidence of the deposition of John Howard, the appellant sought to show error in the court's

refusal to admit certain testimony of an impeaching nature by a certain witness, G. A. Farabaugh.

Appellees objected to the introduction of the evidence on the ground that no proper foundation was laid for the introduction of the evidence. Appellant failed to state the facts which he expected to elicit from the witness, and there was, therefore, no error in refusing to permit the witness to answer the question. Elliott, General Practice §587; *Mills* v. *Winter* (1884), 94 Ind. 329; *Smith* v. *Gorham* (1889), 119 Ind. 436, 21 N. E. 1096. The witness was then asked to detail a conversation he had with Howard subsequent to the taking of the deposition. Objection was made on the ground that the same was not proper rebuttal, which objection was sustained. The ruling is not reversible error for the reason that no proper foundation was laid for the introduction of the testimony.

Recurring again to the admission of the deposition of John Howard, we hold that, even if it would have been error for the court to have admitted the deposition, such error is not sufficient to reverse the case, if there is ample evidence to support the judgment without the deposition. *Billingsley* v. *State Bank of Indiana* (1852), 3 Ind. 375; *Roberts* v. *Huddleston* (1884), 93 Ind. 173; *Snell* v. *Maddux* (1898), 20 Ind. App. 169, 49 N. E. 456. In the case of *O'Brien* v. *Highley* (1904), 162 Ind. 316, 70 N. E. 242, the court, in the syllabus, said: "The refusal of the lower court to strike out the testimony of a witness was harmless, where the same fact was established by the testimony of other witnesses." To the same effect is the holding in the case of *Stumph* v. *Miller* (1895), 142 Ind. 442, 41 N. E. 812.

The testimony of the appellees is to the effect that the car in which appellees were riding was in the center of the street, and they saw the yellow cab come toward the center of the street from the other direction; the

yellow cab was running at least 30 miles per hour and collided with the automobile on the left corner; and the lights on both the appellees' car and the yellow cab of the appellant were burning brightly. We are, therefore, of the opinion that there was ample evidence to support the verdict without the Howard deposition. Moreover, all the parties to this action were represented at the taking of the deposition, and Howard was thoroughly examined by appellee and cross-examined by appellant.

In this case, as was said in the syllabus to the case of *Indiana, etc., Gas Co.* v. *Long* (1901), 27 Ind. App. 219, 59 N. E. 410: "Where it appears from the record that a correct result was reached and substantial justice done between the parties, a judgment will not be reversed because of the admission of improper evidence which was harmless to the complaining party."

Judgment affirmed.