SURFACE ET AL. *v.* DORRELL.

[No. 17,205. Filed October 17, 1944. Rehearing denied November 18, 1944. Transfer denied December 29, 1944.]

*Fremont Miller* and *Robert B. Lybrook,* of Franklin, and *Owen S. Boling,* of Indianapolis, for appellants.

*Neal & Williams,* of Indianapolis, for appellee.

DRAPER, P. J.—Claim by appellee against the estate of her deceased grandmother, Lucy Surface, for compensation for services allegedly rendered by appellee to the deceased during her lifetime. In addition to a

denial of appellee's claim, appellants filed a special answer alleging that the value of the board, room and clothing furnished by deceased to appellee exceeded the value of any services rendered, and praying that the value thereof be set-off against the value of such services.

Verdict for $2500 and judgment accordingly. Appellants assert that (1) the verdict is not sustained by sufficient evidence, (2) it is contrary to law, (3) the court erred in giving and refusing to give certain instructions and (4) the amount of recovery assessed by the jury is excessive.

The appellants contend that appellee's claim as filed is insufficient. It was in no way challenged by appellants, and we need not now determine its sufficiency, for it appears that all facts necessary to sustain appellee's cause of action were proved by competent evidence and that the merits of the case have been justly determined, and this court will deem the claim to be amended so as to cure such defect, if any. *Concordia, etc., Benefit League* v. *Gunther* (1923), 80 Ind. App. 145, 139 N. E. 591.

It must be considered as settled law in Indiana that:

"Where the person rendering services and the person for whom they are rendered are members of a family living together as one household, and the service appertains to such condition, an implication of a promise on the part of the recipient to pay for the services does not arise from the mere rendition and acceptance thereof, but the service will be presumed to be gratuitous; and, to support a recovery therefor, the burden will be upon the plaintiff, who rendered the services, to show an express contract for compensation or such circumstances of the services as manifest a reasonable expectation on his part of compensation therefor." *Ellis* v. *Baird* (1903), 31 Ind. App. 295, 299, 67 N.

E. 960; *Allen, Exr.* v. *Etter* (1931), 92 Ind. App. 297, 305, 175 N. E. 286. See also *Hill* v. *Hill* (1889), 121 Ind. 255, 23 N. E. 87.

The appellants assert the evidence in this case is insufficient to rebut the presumption. Whether the services were gratuitously rendered, or whether there was an express or implied contract to pay, is a question for the jury to determine from the evidence, and their determination must remain undisturbed if there was any evidence tending to support the verdict. *Crampton* v. *Logan* (1902), 28 Ind. App. 405, 63 N. E. 51.

The evidence discloses that the appellee, then about 18 years of age and recently graduated from high school, went at her grandmother's request to live with the latter on her farm in May of 1933, and remained there until March of 1940. The grandmother died in July of 1941 at the age of eighty-two years. During her stay there the appellee lived in the household as a member of the family, did the housework and some of the outside work and waited on and cared for her grandmother in sickness and in health. Shortly before she went to live with her grandmother she had been offered a college scholarship, of which fact the deceased was advised shortly after appellee came to stay with her, and she remarked in appellee's presence that if appellee's mother would let her stay with the deceased she would send the appellee to college —otherwise not. On numerous occasions thereafter the deceased professed to others her love and affection for appellee, her need for her services and her desire and intention to compensate appellee therefor, some of which services, especially after the deceased suffered a stroke, were of an intimate and confining nature.

Thus it appears that appellee did not go to her grand-

mother because she needed a home, but because of her grandmother's wishes and needs and at the latter's request, and in so doing she relinquished the scholarship and the companionship of her nearer relatives. It is not unreasonable to infer that the promise of the deceased with regard to educating the appellee was made for the purpose of inducing the appellee to live with and serve her, and that it aroused in appellee's mind a reasonable expectation of compensation for her services. The evidence seems clearly sufficient to establish the fact that at the time of the rendition of the services the deceased intended and the appellee expected compensation therefor. The services having been rendered and the promise not having been fulfilled or the obligation arising from it otherwise discharged, the appellee was entitled to recover the reasonable value of the services rendered.

Appellants contend the evidence is insufficient in that when appellee undertook her service, and for several years thereafter, she was a minor with living father, and they say the evidence fails to show any relinquishment of his right to her earnings. The emancipation of a minor child is not presumed. It must be established by competent evidence, *Smith* v. *Leslie* (1926), 85 Ind. App. 186, 151 N. E. 17, but to do so does not require proof of an express agreement or formal contract upon the subject. *Public Service Co.* v. *Tackett, Admr.* (1943), 113 Ind. App. 307, 47 N. E. (2d) 851. It may be proved by circumstances as any other fact may be proved, including the acts and conduct of the parent and child. During the time in question the appellee, although she frequently visited her parents, not only lived and earned her livelihood away from the parental roof, but she sometimes worked for others in the fields and earned and spent her wages without, so far as the evidence discloses, parental

direction, interference, restraint or the assertion of any right to her earnings. The introduction of such evidence made the question of her emancipation one for the jury to determine. *The Haugh, Ketcham and Co. Iron Works* v. *Duncan, by Next Friend* (1891), 2 Ind. App. 264, 28 N. E. 341; 39 Am. Jur. Parent & Child, § 64.

The appellants complain of an instruction to the effect that the appellee could recover for services rendered as alleged and not paid for, and that appellants had the burden of proving payment as a defense. The objection made at the trial and now considered was that the instruction omitted other elements of defense and thereby excluded from the consideration of the jury all evidence offered as a defense except payment in full. The instruction by its terms was limited to the issue of payment and did not purport to cover other elements of defense. Those elements were fully covered by other instructions. Considered in connection with other instructions given, this instruction is not subject to the objection urged.

The court in another instruction detailed circumstances which, if shown by the evidence, could be taken into consideration by the jury along with other facts and circumstances in determining whether appellee had been emancipated. The appellants objected that the facts enumerated in the instruction were insufficient to define emancipation and support the conclusion that the appellee had been emancipated. The instruction did not attempt to define emancipation. It was not incorrect so far as it went and was sufficient to meet the objection offered. Moreover, the subject of emancipation was fully and correctly covered in other instructions given by the court.

The court refused to give an instruction tendered by appellants, the first portion of which explained the presumption that a member of the family living in the home as such cannot recover compensation for services rendered in such home, and the second portion of which would have confined the jury in its assessment of the amount of recovery to the services performed after appellee reached the age of 21 years. The first portion was fully and correctly covered by other instructions. The latter part, by entirely eliminating appellee's right to recover for services rendered during her minority even though emancipated, would have improperly restricted the function of the jury and was properly refused.

The appellants complain that in two of the instructions given the word "paid" was used when the word "compensate" should have been employed, the contention being that the word "paid" has a narrower meaning than the word "compensate," and that by this language the jury was misled to consider only a money consideration as payment, to the exclusion of evidence of the furnishing of board and lodging to appellee by deceased as alleged in their set-off. In our opinion, these instructions, particularly when considered in connection with other instructions given, could not have misled the jury and are not subject to the objection urged.

The remaining instructions tendered by the appellants and refused by the court were fully and fairly covered by other instructions given. Appellants' objections to other instructions given by the court are, in our opinion, so technical and inconsequential as not to require or justify detailed consideration in this opinion.

The amount of the recovery was amply justified by the evidence most favorable to the appellee.

Finding no error the judgment is affirmed.

NOTE.—Reported in 57 N. E. (2d) 66.