PENNSYLVANIA R. CO. *v.* PATESEL, ADMR.

[No. 17,676. Filed January 13, 1948. Rehearing denied March 4, 1948. Transfer denied April 7, 1948.]

234

*Harker & Irwin,* of Frankfort, and *Cope J. Hanley,* of Rensselaer, attorneys for appellant.

*Landis & Landis,* of Logansport, attorneys for appellee.

HAMILTON, J.—This is an appeal from a judgment rendered in favor of appellee in an action to recover damages for the alleged wrongful death of appellee's decedent, whose death was due to a collision between the automobile in which she was riding and one of appellant's passenger trains at the Wilkinson Street crossing with appellant's railroad tracks in the city of Logansport, Cass County, Indiana, at 12:10 a. m. on January 15, 1944.

The action was brought by appellee as administrator of the estate of his 16 year-old daughter, Joan Patesel. The complaint alleged that said daughter had been emancipated by her father and left surviving her as

her dependent next of kin, her father, Richard Patesel; her mother, Elnora Patesel; her brother, Richard Patesel; and her sisters, Jean and Margaret Patesel; that said brother and sisters were minors and were living at the home of their parents and said decedent at the time of her death.

The decisive question presented by this appeal is whether or not the action should have been brought by the father and not in the name of the administrator. Appellant most earnestly insists that the evidence is insufficient to establish the fact that Joan Patesel was and had been fully emancipated by her father.

Appellant concedes that emancipation need not be express but may be implied from the conduct of the father, provided there is sufficient evidence from which such implication may arise. *Public Service Company* v. *Tackett* (1943), 113 Ind. App. 307, 311, 312, 47 N. E. 2d 851; *Duzan* v. *Myers* (1902), 30 Ind. App. 227, 233, 234, 65 N. E. 1046. It is appellant's contention that there may be a partial and limited emancipation of a minor child by the father resulting only from a release from service which will give the minor child the right to sue for his own services, but which would not satisfy the requirements for complete emancipation necessary to authorize an administrator to bring an action for wrongful death, which requires that the minor be freed for the period of all its minority from care, custody, control, and service and that the evidence in the instant case falls within such limited classification. *Duzan* v. *Myers, supra; Wabash R. Co.* v. *McDoniels* (1915), 183 Ind. 104, 109, 110, 107 N. E. 291; *Public Service Company* v. *Tackett, supra.*

The question of emancipation is a question of fact in each case to be determined by the jury as the trier of

the facts. *Surface* v. *Dorrell* (1944), 115 Ind. App. 244, 251, 57 N. E. 2d 66; *Haugh, Ketcham & Co. Iron-Works* v. *Duncan* (1891), 2 Ind. App. 264, 272, 28 N. E. 334.

An examination of the record discloses that there was ample evidence to establish the following facts: Joan Patesel was 16 years of age at the time of her death; she lived at home with her father and mother, brother and sisters all her life; she started working when she was 12 years old and with the money she earned she bought clothes, if she needed them; she quit school on her own decision for the purpose of securing a regular job; she secured her own employment and went to the truant officer to get her working permit; and she also procured a social security card. She collected her own wages and kept it as her own; she used and spent her earnings to buy her own necessities, clothing for her brother and sisters and food for the family, and she made her own decisions as to what to buy and when to do so; she made clothes for herself and her sisters, cleaned her own room, washed her own things, and got breakfast for herself before going to work in the morning; she helped with the work in the home and also gave some cash out of her earnings to her father. Her parents did not in fact exercise any authority or control over her personal behavior, but her father consulted with and advised her about her problems and would have helped her in trouble. At the time of her death she was employed and earning $26 per week; her father was unemployed and her mother was working part time.

It is our opinion that the foregoing evidence, with all reasonable inferences therefrom which the jury were justified to infer, was sufficient to sustain the jury's findings that Joan Patesel was at the time of her death, and had been prior thereto, fully

emancipated within the meaning of the law authorizing her administrator to prosecute this action to recover damages for her alleged wrongful death. *Surface* v. *Dorrell, supra; Public Service Company* v. *Tackett, supra; Wabash R. Co.* v. *McDoniels, supra.*

Clearly, the above evidence would be sufficient to have authorized Joan Patesel, if she had survived the accident, to have brought an action in her own name by a next friend to recover in the same action any and all damages she sustained by reason of loss of wages and earning capacity, and such being true, her administrator is expressly authorized by provisions of § 2-404, Burns' 1946 Replacement, to maintain and prosecute an action for recovery of damages for her alleged wrongful death.

As its second proposition appellant alleges that the court erred in permitting witnesses to testify as to the habitual and customary speed of appellant's trains over the Wilkinson Street crossing in Logansport, as tending to prove the speed of the train involved in the accident in question. On page 47 of its brief appellant states: "At the trial of this cause the question of liability was strenuously contested, *but on this appeal no question is presented as to (1) The contested issue of negligence; (2) The contested issue of contributory negligence; (3) The contested issue of damages.*" (Our emphasis.) In view of this statement we hold that appellant has waived any question as to the alleged error in admitting evidence upon the issue of either negligence or contributory negligence.

However, regardless of any question of waiver, we call attention to the fact that the admissibility of such evidence has received the approval of our Supreme Court in two cases, *viz: Ohio & M. Ry. Co.* v. *Selby* (1874), 47 Ind. 471, 494, 495; *Chicago, St. L. & P. Ry Co.* v. *Spilker* (1892), 134 Ind.

380, 396, 399, 33 N. E. 280, 34 N. E. 218; and also by this court in the cases of *Union Traction Co.* v. *Taylor* (1923), 81 Ind. App. 257, 260, 135 N. E. 255; *Union Traction Co.* v. *Vandercook* (1904), 32 Ind. App. 621, 627, 69 N. E. 486.

Aside from the evidence as to the "habitual and customary" speed, there is ample uncontroverted evidence in the record to establish negligence upon the part of appellant in operating the train in question at a rate of speed in violation of a city ordinance and under such circumstances the appellant could not have been prejudiced by the evidence as to the "habitual and customary" speed of appellant's train. *Chicago, St. L. & P. Ry. Co.* v. *Spilker, supra; Yellow Cab Co.* v. *Kuryczak* (1931), 92 Ind. App. 524, 174 N. E. 434, and cases there cited.

Finding no error, the judgment of the lower court is hereby affirmed.

NOTE.—Reported in 76 N. E. 2d 595.