## VOGEL *v.* WILLIAMS ET AL.

[No. 17,753. Filed June 1, 1948. Rehearing denied October 1, 1948.]

452

*Mann and Stohr,* both of Terre Haute, attorneys for appellant.

*Thomas V. Gallagher* and *James F. Gallagher,* both of Sullivan, attorneys for appellees.

CRUMPACKER, J.—The appellees claim that they were partially dependent in fact upon one Donald Williams, a youth 18 years of age, who died on the 13th day of July, 1946, as the result of an accidental injury arising out of and in the course of his employment with the appellant, William D. Vogel, a contractor then engaged in highway construction work for the State of Indiana. The Industrial Board awarded compensation to the appellees, Philip M. Williams and Juanita Williams, the decedent's parents, but denied it to the remaining appellees who are all minors, ranging in age from five to sixteen years, and who were the brothers and sisters of said decedent during life. The minor appellees, however, make no complaint of the award and we are not asked to determine its legality

as to them. Compensation to Philip and Juanita Williams was computed on the basis of 55% of the decedent's entire average weekly wages, which the board found to be in excess of $36.50. The appellant asks us to reverse this award because (1) the evidence compels the conclusion that the decedent's contributions to the appellees' support did not exceed $5.00 per week and compensation should have been based on that amount and not on his entire average weekly wages; (2) the record is silent as to the appellees' need of, or reliance on, contributions from the decedent in any amount whatever and therefore no degree of dependency is established; and (3) the board erroneously sustained the appellees' objections to certain questions propounded to the witness Philip M. Williams.

The only evidence in the case that throws any light on the questions involved is the testimony of the appellee, Philip M. Williams, which is undisputed and may be summarized as follows: He and the appellee, Juanita Williams, are husband and wife and, at the time of the accident in controversy, were the parents of seven children, including Donald, the decedent, and Ben, aged 20 years. Ben had been discharged from the Navy the February before Donald's death and since his discharge has been living at home with his parents and family. He draws what the witness characterizes as "rocking chair" money from the United States Government, which he contributes to his parents toward the support of the entire family including himself. (Being over 18 years of age and neither physically or mentally incapacitated, Ben was not made a party to this action and we mention him only because such reference is necessary to complete the over-all picture of the family here involved.) The Williams family, consisting of the husband and wife and their seven children,

lived on a small farm of 30 acres which the husband owns and which is situated a few miles from the city of Terre Haute. Stock on the farm consisted of a few chickens, three cows, a sow, a boar and a team of horses. A plow and a wagon comprise the farm equipment. As far as the evidence discloses the above described property, together with the usual household goods, constitute the family's entire assets. As the father expressed it "the farm did not furnish much of a living for us" and he supplemented the income therefrom by working in Terre Haute at day labor for $40 per week. At the time of his death Donald was a junior in high school and had never had regular or steady employment except during school vacations. With money earned in the summer of 1945, he bought furniture for the house and equipment for the farm for which he paid an aggregate sum of $144. For several years prior to his death Donald and his father had done all the farm work and occasionally, when school was in session, the son did odd jobs for the neighbors on Saturdays, out of which he made his spending money. All of the younger children, except Mary Ann, aged five, were in school and did no work of any consequence on the farm. They occasionally helped pick berries in season but did nothing in connection with feeding the stock, gathering the eggs or cultivating the crops. During the summer of 1946, Donald had worked for the appellant six weeks when he met with the accident that caused his death and for such services he was paid at the rate of $1 per hour, averaging in excess of $36.50 per week. During this time he gave his mother $5 per week in cash and the balance of his earnings, except for the money he held out for clothes and spending money, "went into the farm finances," as his father expressed it. The

farm finances were used to operate the farm and the farm income, in turn, was used to support the family including Donald.

We think that this evidence is amply sufficient to warrant the Industrial Board in finding that the appellees were partially dependent upon the decedent to the extent of his entire average weekly wages while in the employ of the appellant. Certainly such evidence does not force a contrary conclusion, as it must if said finding is to be disturbed. Under such circumstances the board was correct in making an award in the same amount as would have been proper had the appellees been wholly dependent. *Ritchie* v. *Indiana State Highway Commission* (1935), 101 Ind. App. 32, 198 N. E. 125.

As to the appellees' need of, and reliance on, the decedent's contributions, we think it sufficient to say that we will take judicial knowledge of the fact that, in the year 1946, a man with a wife and seven minor children to support and educate out of the meager income from 30 acres of land and day wages as a common laborer, needed help and had the right to expect and depend upon it from those of his minor children who were able and old enough to give it.

Nevertheless the appellant contends that the decedent was an emancipated minor at the time of his injury and the cost of his maintenance in the appellees' home should be deducted from the award because it was not, in legal contemplation, a contribution to the family budget but payment for his board and lodging. The emancipation of a minor is never presumed but is a question for the trier of the facts to determine upon the evidence pertinent to the subject. *Surface* v. *Dorrell* (1944), 115 Ind.

App. 244, 57 N. E. 2d 66. The Industrial Board specifically found that the decedent was not emancipated and such finding is supported by evidence to the effect that he had never left his father's home, was amenable to parental discipline and restraint, was still in school and had continually, up to the time of his death, rendered services to his parents for which he was not paid. This is sufficient, we think, to warrant the finding. We have repeatedly held that when an unemancipated minor living with his parents contributes all his wages to a family fund, which is used for the support of the parents and all members of the family, including the son, the parents' benefits should be computed on the basis of the entire average weekly wages of the son, without deducting the cost of the latter's maintenance. *In re Peters* (1917), 65 Ind. App. 174, 116 N. E. 848; *Bloomington, etc., Stone Co.* v. *Phillips* (1917), 65 Ind. App. 189, 116 N. E. 850; *People's Hardware Co.* v. *Croke* (1918), 66 Ind. App. 340, 118 N. E. 314.

The appellant further complains of the action of the Industrial Board in sustaining objections to certain questions put to the witness, Philip M. Williams. It does not appear in the appellant's brief who put such questions, whether they were asked on direct or cross-examination, nor are the objections thereto set out. Under such circumstances it is impossible for us to determine the propriety of the questions involved nor can we say that the Industrial Board erred in excluding answers thereto.

The award is affirmed with statutory penalty.

NOTE.—Reported in 79 N. E. 2d 548.