ROGERS *v.* SMITH.

Nov. Term,
1861.

ROGERS
v.
SMITH.

17 323
145 290

For a tort committed upon a wife, two actions will lie, as a general rule; one by the husband alone, for the loss of service, expenses, &c., and the other by the husband and wife for the injury to the person.

So also for an injury to a child; the father may maintain an action for loss of service, expenses, &c., while the right of action for the personal injury is in the child.

The complaint for such injuries should be framed for the particular cause of action the party has a right to sue for, but where it is drawn so as to include both, it will be presumed, after verdict, that the proof was limited on the trial to the legitimate ground of damages.

Under the code, the joinder of both grounds of action would be duplicity, which should be taken advantage of by motion to strike out, not by demurrer.

APPEAL from the *Putnam* Common Pleas.

*Monday,*
*December* 9.

PERKINS, J.—*Smith* sued *Rogers* for malicious prosecution. The complaint contained three paragraphs: 1. Charging a malicious prosecution of himself. 2. Charging a malicious prosecution of his wife, whereby she was imprisoned, &c. 3. Charging a malicious prosecution of his minor children, &c. The plaintiff recovered seventy-six dollars. The Court overruled a demurrer to the second count, and that ruling raises the only question this Court has to decide.

The appellant contends that as to the matter of that paragraph, the wife was a necessary party plaintiff, with her husband, she being the meritorious cause of action. As to the personal injury to herself, her sufferings, &c., occasioned by the prosecution, she was the meritorious cause of action; and in a suit to recover damages on such account, it would be necessary that she should join with her husband. But, as to the loss of service of the wife, and the loss of comfort in her society, and the expenses attendant upon her defense, &c., she had no cause of action; the injury was to the husband alone; and for such cause of action the husband should sue alone. So, in relation to the minor children. For the loss of service, the father had his action; for the personal injury to the minors, severally, the action belonged to them. For torts, therefore, to wives and minor

children, there are, as a general proposition, two actions; one by the husband and father, not for the injury to the person, but for his personal losses in the way of service, expenses, &c.; the other by the husband and wife for the injury to the person of the wife; and by the children severally, alone, for injury to their persons. *Long* v. *Morrison*, 14 Ind. 595; *The Ohio &c. Co.* v. *Tindall*, 13 *id.* 366; *Boyd* v. *Blaisdell*, 15 *id.* 73.

In actions for criminal conversation, the husband must sue alone; and also in slander for words spoken of the wife, not actionable *per se*, but which occasion damage to the husband. 1 Swan's Prac., p. 88; *Van Vacter* v. *McKillip*, 7 Blackf. 578. And in these several suits the complaint should be framed for the particular cause of action the party has a right to sue for; but where it is drawn including both the causes of action of which we have spoken, it will be presumed, after verdict, that the proof was limited on the trial to the legitimate ground of damages. This is the common law doctrine. *Richards* v. *Farnham*, 13 Pick. 451; *Lewis et ux.* v. *Babcock*, 18 Johns. 443; *Fuller et ux.* v. *The Naugatuck Railroad Co.*, 21 Conn. 556. Under the code, the joinings of both grounds of action would be duplicity, which should be taken advantage of by motion to strike out, not by demurrer.

It may be remarked here, that a husband can not maintain a separate action for loss of services, &c., of his wife, growing out of an injury occasioned by a defective highway, in *Massachusetts*, because it is there held that all remedy for such injury is statutory, and the statute has given but the joint action by husband and wife. *Harwood* v. *The City of Lowell*, 4 Cush. 310; 2 Hilliard on Torts, p. 586.

*Per Curiam.*—The judgment is affirmed, with 1 per cent. damages and costs.

*John A. Matson* and *J. A. Scott*, for the appellant.

*Williamson* and *Daggy*, for the appellee.