No. 10,462.

## MOONEY *v.* KINSEY.

SUPREME COURT.—*Exception.*—*Witness.*—A question was put to a witness, and answered without any objection thereto so far as appeared by the bill of exceptions, save that after the answer it was stated that "the plaintiff excepted to the ruling."

*Held,* that this presented no question for the Supreme Court.

HARMLESS ERROR.—*Instruction.*—An instruction, which is erroneous because it is without the issues and too favorable to the appellant, is harmless as to him.

NEW TRIAL.—*Newly-Discovered Evidence.*—*Surprise.*—Newly-discovered evidence, or surprise, which concerns a matter merely incidental, and which would exert but the slightest, if any, effect upon the cause, is not sufficient ground for a new trial.

From the Henry Circuit Court.

*J. M. Brown,* for appellant.

*J. Brown* and *W. A. Brown,* for appellee.

ZOLLARS, J.—This action was commenced in the court below, by appellant against the appellee, to recover upon a promissory note, and to foreclose a mortgage given, as it purports, to secure the note.

The complaint is in the usual form in such actions. Appellee pleaded want of consideration, to which appellant replied by a general denial. Trial; verdict and judgment for appellee.

The only error assigned is the overruling of a motion for a new trial.

Counsel for appellant insists that the judgment should be reversed on the evidence. We have read the evidence, as contained in the record, and find the testimony of different witnesses squarely and sharply in conflict upon the question of consideration. In such case, under the well established rule, this court can not disturb the verdict upon the weight of the evidence. We may remark, moreover, that there is nothing in the record showing that the mortgage described in the complaint was put in evidence; there is no copy of it in the record except the exhibit filed with the complaint. The only statement upon the subject is as follows : " The mortgage from Kinsey to Mooney, record 13, page 293, was offered in evidence by counsel for plaintiff, objected to by counsel for defendant, which was sustained, and excepted to by counsel for plaintiff." The exclusion of the mortgage was not assigned as a cause for a new trial.

If we should put a strict construction upon the record we could not say that the note described in the complaint was offered or read in evidence.

Upon the trial of the cause, D. W. Chambers, Esq., was a witness for the defence. After stating that he was present when the mortgage was executed, and heard a conversation between the parties as to the purpose of its execution, and the consideration therefor, and that he could not state the exact words used, he was asked to give his recollection of the substance of what occurred. It is insisted now that in permit-

ting this question, and the answer thereto, the court below committed an error. The record does not show that any objection was interposed in the trial court to either the question or answer. Possibly, there may have been such objections, but the record comes to us as an absolute verity, and we are bound by it. Following the answer to the question, there is an exception to "the ruling." This indicates that appellant intended to preserve a question upon the competency of the testimony, but such an exception is unavailing, unless the evidence was at the time objected to.

It will not be necessary, therefore, for us to decide anything in relation to the competency of the testimony.

It is further insisted by appellant that the third and fourth instructions of the trial court were erroneous, and that the judgment should, on that account, be reversed. The substance of these instructions is, that if the note and mortgage were given without consideration, the verdict should be for the defendant, *unless* they were given and accepted with the intention of defrauding the creditors of appellee, he not having sufficient property, aside from that mortgaged, to pay his debts, in which event the verdict should be for the plaintiff, notwithstanding there may have been no other consideration.

It is argued that these instructions were without the issue, as made by the pleadings, and, therefore, erroneous, and that in any event they do not state the law correctly. In connection with evidence tending to show a want of consideration, there was evidence tending, in some degree, to show that the note and mortgage were executed for the sole purpose of securing to the wife of appellee the property mortgaged. It is not clear just how that object was to be accomplished. There was evidence further tending in some degree to show that appellee was in financial trouble, and that there was danger of his creditors taking the property mortgaged.

It was in view of this testimony, we presume, which was admitted without objection, that the instructions were given. It will not be necessary for us to decide either of the objec-

tions urged against these instructions, as the error, if error, is so clearly harmless to appellant.

In a former instruction, the jury was charged that the burden of proving a want of consideration was upon appellee. In the instructions complained of, the jury was charged, properly, that if the note and mortgage were given without consideration, there could be no recovery. The court did not stop here, but instructed the jury that notwithstanding there may have been no consideration, yet appellant might still recover, if the note and mortgage were executed and received with the intent to defraud creditors, thus giving appellant two chances of recovery; one based upon a consideration and the other without consideration other than the fraudulent intent as stated. If the objections urged against the instructions came from appellee, a different question would be presented, which would demand serious consideration.

Appellant claimed, and still claims, that he should be granted a new trial upon the grounds of newly-discovered evidence and surprise in the testimony of Messrs. Chambers and Saint, witnesses for appellee. In his affidavit, filed with these reasons for a new trial, he states, substantially, that said witnesses stated upon the trial that they were present when the mortgage was executed, and heard him say that the note and mortgage were given without consideration, and that appellee was about to be sued, and desired to cover up his property; and that said witnesses assigned, as the principal reason why they could recollect said conversation so well, that they were attorneys for appellee, and were at the time of the conversation detailed, taking a mortgage to themselves to secure fees from appellee; that he never heard of the attorney-fee mortgage before, and did not make the statements attributed to him by the said witnesses; that since the trial he has made search for and found the attorney-fee mortgage, and finds that it was made more than a year subsequent to that in suit; that upon another trial he can contradict said witnesses with said mortgage, and can prove also that at the time the attorney-fee

mortgage was executed, he and the appellee did not speak to each other.

In some of its statements, this affidavit is in conflict with other portions of the record, and to that extent is overthrown. Neither Chambers nor Saint stated that his recollection of the conversation detailed was in any way based upon the execution of the attorney-fee mortgage mentioned in the affidavit. Saint asked permission to make an explanation in relation to some mortgage subsequent to that in suit, but was not allowed to do so. Chambers stated that at about the time of the execution of the mortgage in suit, there had been mortgages executed to Chambers and Saint, Forkner and Bundy, and one, he thought, to Mr. Brown (" Joe Brown ") " for services rendered ; " but he does not state that his recollection of the conversation was based upon or fixed by the execution of such mortgage. The so-called attorney-fee mortgage would show that Mr. Chambers was mistaken as to the date of its execution, but it would not in any way contradict the material statements of either Mr. Chambers or Saint. See Works Pr., section 923, and cases cited. It may be stated further, that appellant had the opportunity to and did oppose his testimony to the material statements of these witnesses.

It can not be said, in any legal sense, that appellant was surprised by the statements of these witnesses. It would not be profitable to enter into a discussion in this case of what may constitute surprise in any case, such as will warrant the granting of a new trial. See Works Pr., section 898, et seq., and authorities cited.

Without the assistance of a brief from appellee, we have examined the several questions discussed by appellant's counsel, and find no error in the record for which the judgment should be reversed. The judgment is, therefore, affirmed, at the costs of appellant.