Hamm *et al. v.* Romine *et ux.*

No. 11,579.

HAMM ET AL. *v.* ROMINE ET UX.

BILL OF EXCEPTIONS.—*Time of Filing.*—*Statute Construed.*—If a bill of exceptions be presented to the judge within a time given " to prepare and file it," a failure of the judge to sign and file it within said time, will not, in view of section 629, R. S. 1881, have any effect.

HUSBAND AND WIFE.—*Personal Injury to Wife.*—*Parties.*— *Verdict.*—Husband and wife may, at common law, join as plaintiffs in a suit for personal injury to the wife, and a verdict in the common form for the plaintiffs, and assessing the damages at $500, is not subject to criticism; but the wife may, by statute, sue alone. R. S. 1881, section 5131.

SAME.—*Damages.*—*Arrest of Judgment.*—*Presumption.*—*Surplusage.*—If, in such a case, the complaint aver also damages to the husband alone, it will be presumed, on motion in arrest, that evidence in support thereof was not admitted.

ASSAULT AND BATTERY.—*Evidence.*—*Personal Injury.*—*Opinion.*—In a suit for personal injury, on account of an assault and battery, alleging suffering and a permanent impairment of health as the result, testimony by the plaintiff as to wounds, pain and suffering, loss of sleep and poor health afterwards, is not matter of opinion, but a statement of facts, and is admissible.

SAME.—*Judgment of Justice of the Peace.*—In such case, the docket entry of a justice of the peace, showing a criminal prosecution of the defendant for the same assault and battery, and a plea of guilty, is proper evidence for the plaintiff, but a docket entry showing a like prosecution of the defendant for a like offence upon another person, no connection with the matter upon trial being shown, is not admissible for the defendant.

WITNESS.—*Evidence.*—*Impeachment.*—Where a witness has been impeached by proof of contradictory statements which he has first denied, there is no error in refusing liberty to recall him for the purpose of reiterating the denial.

NEW TRIAL.—*Newly-Discovered Evidence.*—A new trial for newly-discovered evidence will not be granted where the new evidence is merely cumulative, or where it would not probably change the result, nor where it is only for impeachment, nor where it is not shown that due diligence would not have discovered or procured it, and, in such case, the facts showing due diligence must be shown.

SAME.—*Misconduct of Juror or Party.*—Where the misconduct of a juror or party is shown by affidavit as cause for a new trial, and counter affidavits expressly deny the charges, the Supreme Court will not review the decision of the court below.

From the Superior Court of Allen County.

Hamm *et al. v.* Romine *et ux.*

*J. Q. Stratton* and *I. Stratton,* for appellants.
*R. S. Robertson* and *J. B. Harper,* for appellees.

BICKNELL, C. C.—The appellees recovered a judgment against the appellants for an assault and battery, with $500 damages.

The following errors are assigned:

1. Overruling a motion for a *venire de novo.*
2. Overruling a motion for a new trial.
3. Overruling a motion in arrest of judgment.

The appellees assign the following cross error, to wit: Permitting the appellants to file their bill of exceptions after the time given therefor had expired.

The record shows that sixty days time was given, within which to prepare and file the bill of exceptions, and that on the sixtieth day the bill was presented to the judge, who took time to examine it, and by his direction it was afterwards submitted for examination to the counsel for the appellees, who, in open court, suggested alterations, which were made, and the corrected bill was signed by the judge on January 11th, 1884, and was filed with the clerk on January 11th, 1884, the time originally given having expired on the 14th of September, 1883.

Under the former practice, it was necessary that a bill of exceptions should be filed within the time fixed by the court. *Gaff* v. *Hutchinson,* 38 Ind. 341; *Everhart* v. *Hollingsworth,* 19 Ind. 138; *Scanlan* v. *Ayres,* 73 Ind. 211. But the statute of 1881, R. S. 1881, section 629, provides that when the bill of exceptions is presented to the judge within the time limited, but is signed and filed afterwards, " delay of the judge in signing and filing the same shall not deprive the party objecting of the benefit thereof." The alleged cross error is not available. *Creamer* v. *Sirp,* 91 Ind. 366. But no cross error was necessary to present this question.

The complaint was in two paragraphs. The first alleged that the plaintiffs were husband and wife, and charged an assault

and battery by the defendants upon the wife, " whereby she.is damaged in the sum of $5,000.

The second paragraph also stated an assault and battery by the defendants upon the wife, giving the particulars of the injuries sustained by her, and proceeding as follows: "And causing the plaintiffs to lay out and expend large sums for care and attendance while she was disabled, * * * and also causing extra labor and work to said Perry Romine, in caring for her while so disabled, and in performing the work his co-plaintiff might and would have done and performed for their mutual benefit, but for the injury aforesaid, by reason of which the plaintiffs were damaged in the sum of $5,000."

There was no demurrer to this complaint, and there was no motion in reference thereto.

The defendants answered jointly by a general denial.

The jury returned the following verdict, signed by their foreman: "We, the jury, find for the plaintiffs and assess the damages in the sum of $500."

The defendants moved for a *venire de novo*, as follows: "Come now the defendants and move the court for a *venire de novo* in said cause for the following reasons, namely:

"1. Because the verdict of the jury is so defective that no judgment can be rendered in said cause."

The overruling of this motion is the first specification in the assignment of errors. There is no difficulty in rendering judgment on the verdict; there is nothing ambiguous, uncertain or defective in it. Therefore, there was no error in overruling the motion for a *venire de novo*.

The complaint was by husband and wife .to recover damages for an assault and battery upon the wife. In such a case husband and wife could always join as plaintiffs, and they recovered damages jointly. Under the act of 1879, R. S. 1881, section 5131, a married woman may now sue in her own name for such an injury, and when she brings such a suit the money recovered is her separate property, and her husband is not liable for costs.

But she is not compelled to sue alone; the old rule of the common law as to the unity of husband and wife still exists, except where some statute has impaired it, and there is no statute which declares that a married woman must, in all cases, sue alone. In the civil code of 1852, the common law rule was recognized in the provision that " When a married woman is a party, her husband must be joined with her; except" that as to her separate property she may sue alone. 2 R. S. 1876, p. 36, section 8. While this law was in force, in 1861, the case of *Rogers* v. *Smith,* 17 Ind. 323, was decided, in which it was held that for torts to wives there are, as a general proposition, two actions, one by the husband for his personal losses in the way of service, expenses, etc., the other by the husband and wife for the injury to the person of the wife. In this case the court said further: " In these several suits the complaint should be framed for the particular cause of action the party has a right to sue for; but where it is drawn including both the causes of action of which we have spoken, it will be presumed, after verdict, that the proof was limited on the trial to the legitimate ground of damages. This is the common law doctrine."

In the revision of 1881, R. S. 1881, section 254, the provision of 1852, that married women must, in general, be joined with their husbands, was not re-enacted, but the effect of that change was to leave the common law rule in force, except that, in certain cases mentioned in the statute, the wife may sue alone, as she might under the act of 1852, *supra,* and where she sues with her husband for an injury to her person, the rules laid down in *Rogers* v. *Smith, supra,* are still in force, and if the complaint, as in that case, in addition to the personal injury to the wife, states matters of damage to the husband, in which the wife has no legal interest, and no motion is made to strike out such matters, and there is a verdict for the plaintiffs on the general denial pleaded, the presumption will be that the proof was confined to the legitimate ground of damage. The complaint in this case

contains a valid cause of action in favor of husband and wife. *Roller* v. *Blair*, 96 Ind. 203. There was, therefore, no error in overruling the motion in arrest of judgment.

There were twenty-four reasons alleged for a new trial. Of these the appellants, in their brief, expressly abandon the fourth, fifth, sixth, seventh, eighth, eleventh and twelfth.

The first and second causes for a new trial allege error of the court in permitting Anna Romine to testify as to the extent of the injury created by the assault and battery. She was permitted to testify as to the immediate and permanent injuries she sustained, such as black and blue marks, loss of sleep, pain, and a cough and poor health ever since she was knocked down and beaten. The witness was not stating any matter of opinion merely; she was stating that these facts followed the assault and battery. The appellants' counsel say, in their brief, " The precise question is this, can a party sue for an injury to a limb and then prove an impairment of his general health for the purpose of increasing the measure of damages?" The answer to this is that where, as in the present case, permanent disability is alleged as the result of the assault and battery, such disability is as much a part of the injury to be compensated by damages as the immediate pain produced by the unlawful act. The objections to the admission of this testimony can not be sustained.

The third reason for a new trial is that the court admitted in evidence the docket of W. T. Watt, a justice of the peace, showing the conviction of the defendant Joseph Hamm of the assault and battery charged in the complaint. There was no error in the admission of this record. It showed that the said defendant was convicted upon a plea of guilty. *Maple* v. *Beach,* 43 Ind. 51. The appellants' counsel in their brief say: " The record in this case does not show for what purpose the appellees offered the judgment in evidence." But that makes no difference; if competent for any purpose there was no error in admitting it. *Rudolph* v. *Landwerlen,* 92 Ind. 34.

The ninth reason for a new trial is that the court refused to permit the appellants to give in evidence the docket of Charles Lindsey, a justice of the peace, and the affidavits filed before him, showing that the defendants George and Joseph Hamm were charged before him with an assault and battery on Sherman Romine. This record was offered for the purpose of showing that the said defendants Joseph Hamm and George Hamm were proposing to plead guilty to said last mentioned charge, and that there was no charge before said justice of an assault and battery on the plaintiff Anna Romine. There was no error in excluding this evidence. If admitted it could not have any effect. The judgment on its face does not show any connection with the present case, or with any evidence given on the trial, and there was no offer to show such connection. *Grover, etc., Co.* v. *Newby,* 58 Ind. 570.

The tenth reason for a new trial is that the court refused to permit Joseph Hamm to testify that he did not make certain admissions which the witness McKinley had testified that he did make. Joseph Hamm, on his previous cross-examination, had been inquired of as to such admissions, with proper reference to time and place, so as to lay a foundation for impeachment, and he had denied making any such admissions. Then after McKinley had testified that such admissions were made, the appellants recalled Joseph Hamm to testify again that the admissions were not made. Such a double or repeated denial was unnecessary, and there was no error in excluding it.

The thirteenth and eighteenth reasons for a new trial are for newly discovered evidence. There are numerous affidavits filed in support of these reasons for a new trial. It will not be necessary to state even the substance of them. The following are some of the rules in reference to such applications: It must appear that the evidence could not, even by due diligence, have been produced at the former trial. *Toney* v. *Toney,* 73 Ind. 34. And the fact that it was not known before the trial, that a witness would so testify, is not

sufficient, where by due diligence it might have been known. *Ex Parte Walls*, 64 Ind. 461. And a mere averment of due diligence is not sufficient; the facts constituting the diligence must appear. *Arms* v. *Beitman*, 73 Ind. 85; *Ragsdale* v. *Matthews*, 93 Ind. 589. And newly discovered evidence, merely cumulative, will not warrant a new trial. *Williams* v. *Potter*, 72 Ind. 354; *Zouker* v. *Wiest*, 42 Ind. 169; *Atkisson* v. *Martin*, 39 Ind. 242. And such a new trial will not be granted where the newly discovered evidence would not probably change the result. *Rainey* v. *State*, 53 Ind. 278; *Mooney* v. *Kinsey*, 90 Ind. 33. Nor where the evidence is available only for impeachment. *Shigley* v. *Snyder*, 45 Ind. 543; *Morel* v. *State*, 89 Ind. 275.

Tested by these rules there was no error in the court below in refusing to grant a new trial for the alleged newly discovered evidence.

The fourteenth and fifteenth reasons for a new trial are alleged misconduct of the plaintiff Perry Romine, in telling the bailiff who had the jury in charge: " If you will do me a favor and see the jurymen and get the case in my favor, I will pay you for it," and " in hanging about the halls of the court-house at a late hour of the night, while the jury were out deliberating on their verdict for the purpose of improperly influencing said jury," and in conversing privately on the streets of Fort Wayne, with Robert Bell one of the jurors, about the cause, and entering the house where Bell boarded at about ten o'clock P. M., and there conversing privately with him about the cause, and improperly influencing said Bell in his favor.

The sixteenth and seventeenth reasons for a new trial charge misconduct in the juryman Bell in meeting Romine at night at his boarding house, and in stating to his fellow jurors, during their retirement, that he had seen his brother-in-law the day before and talked with him about the case; that his brother-in-law had told him that old Hamm was a very contrary man, and hard neighbor to get along with, and that

the Romines were good people, and that he, Bell, went more by what his brother told him, than by the evidence.

It is not necessary to determine whether these particulars of misconduct, if proved, would warrant a new trial; the affidavit of the bailiff in support of the alleged misconduct of the plaintiff Perry Romine is denied in every particular by the affidavit of Romine. The affidavits of the defendant Joseph Hamm and Frank Dancer, as to the alleged tampering with the juryman Bell, is denied specifically by the affidavits of Bell and Romine, and the affidavits in support of the charge of misconduct in the juryman Bell in the jury room are thoroughly controverted by the affidavit of nine of the jurymen.

In such a conflict of proof we have no more reason for interfering with the decision of the judge than there is for interfering with the verdict of a jury upon conflicting evidence. We can not say that the court erred in its ruling in reference to the alleged misconduct of the plaintiff and the juryman.

The nineteenth, twentieth and twenty-first reasons for a new trial are not mentioned in the appellants' brief, and are, therefore, regarded as waived.

The twenty-second, twenty-third and twenty-fourth reasons for a new trial are, that the court erred in overruling the motion for a *venire de novo*, and that the verdict is not sustained by sufficient evidence, and is contrary to law. The question as to a *venire de novo* has been already considered; it does not belong to the motion for a new trial.

There was evidence tending to sustain the verdict; therefore, it can not be disturbed; and it was not contrary to law. The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be and the same is hereby affirmed, at the costs of the appellants.

Filed Oct. 16, 1884.