## CHICAGO, SOUTH BEND AND NORTHERN INDIANA RAILWAY COMPANY *v.* SEAMAN.

[No. 22,307. Filed May 21, 1914. Rehearing denied November 11, 1914.]

1. INFANTS.—*Personal Injuries.—Damages.—Lost Time.—Wages.— Decreased Earning Power.*—A minor, who is not emancipated, can not recover for loss of time, loss of wages, or decreased earning power during his minority, resulting from personal injuries to himself, for the reason that his wages during minority belong to his parents. p. 371.

2. APPEAL.—*Review.—Instructions.*—An instruction in an action for injuries to plaintiff, a minor, which expressly authorized a recovery for any impairment of the earning capacity "which plaintiff suffers," was erroneous, and not within the rule that where an incomplete instruction correctly states the law in so far as it goes, its giving will not be error unless a more complete instruction was requested and refused. p. 371.

From Elkhart Circuit Court; *James Story Drake,* Judge.

Action by Robert Seaman, by his next friend, Joseph B. Seaman, against the Chicago, South Bend and Northern Indiana Railway Company. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*Harry R. Wair, Anthony Deahl* and *Perry L. Turner,* for appellant.

*Willis Rhoads, Frank S. Roby, Ward H. Watson, Sol H. Esarey* and *Elias D. Salsbury,* for appellee.

SPENCER, J.—Appellee, by his father as next friend, recovered a judgment in the Elkhart Circuit Court against

appellant for personal injuries alleged to have been sustained by appellee through the negligence of appellant's servants. This is an appeal from such judgment.

The sole error assigned and relied on for reversal is that the court erred in overruling appellant's motion for a new trial. Under this assignment appellant alleges error in the giving of instruction No. 19 wherein the court told the jury that in determining the amount of damages, if any, to be awarded to the plaintiff, it might consider, among other elements, "any impairment of the earning capacity or physical efficiency which the plaintiff suffers or will suffer on account of the permanent nature of such injuries, or any of them, if such impairment is shown." At the time this suit was instituted appellee was less than three years of age.

It is well settled that, unless emancipated, a minor, in 1. an action for personal injuries, is not entitled to recover for loss of time, loss of wages, or decreased earning power during his minority, for the reason that his wages earned during that period belong to his parents. *Grand Rapids, etc., R. Co.* v. *Showers* (1880), 71 Ind. 451; *Rogers* v. *Smith* (1861), 17 Ind. 323, 79 Am. Dec. 483; *Sanitary Can Co.* v. *McKinney* (1913), 52 Ind. App. 379; *Cole* v. *Searfoss* (1912), 49 Ind. App. 334. The instruction now under consideration not only permits a recovery for the impairment of earning capacity or physical efficiency in the future but also charges that the plaintiff may recover for such impairment as he now suffers. This is error. Any damages accruing during appellee's minority by reason of the impairment of his earning capacity could be recovered only in an action brought by his parents for that purpose.

Appellee contends that this case falls within the rule that where an instruction states the law properly so far as it goes, but is incomplete, there is no error in giving 2. the same unless the court refuses to give a further instruction which supplies the omitted matter. We

can not agree that this rule is applicable. Instruction No. 19 expressly authorizes a recovery in this action for "any impairment of the earning capacity * * * which the plaintiff suffers" at the present time. This is not the law.

Judgment reversed, with instructions to sustain appellant's motion for a new trial and for further proceedings not inconsistent with this opinion.

NOTE.—Reported in 105 N. E. 234. As to the right of an infant to recover damages for loss of services or diminished earning capacity, during minority, from personal injuries, see 6 L. R. A. (N. S.) 552; 8 Ann. Cas. 1107. As to what are proper subjects for instructions to the jury, see 72 Am. Dec. 538. See, also, under (1) 13 Cyc. 1915 Ann. 46-39; (2) 38 Cyc. 1693.