**TEXAS AND NEW ORLEANS RAILROAD COMPANY, Appellant,**

v.

**Curtis Lee CADOREE et al., Appellees.**

**No. 20874.**

United States Court of Appeals
Fifth Circuit.

June 30, 1964.

Rehearing Denied Aug. 3, 1964.

O. J. Weber, Jr., Dewey J. Gonsoulin, and Keith, Mehaffy & Weber, Beaumont, Tex., for appellant.

Tom Alexander, Houston, Tex., J. C. Zbranek, Liberty, Tex., Zbranek & Friend, Liberty, Tex., Butler, Binion, Rice & Cook, Houston, Tex., for appellees.

Before HUTCHESON, PRETTY-MAN * and JONES, Circuit Judges.

HUTCHESON, Circuit Judge.

This is an appeal by the defendant from a judgment on a jury verdict in favor of the plaintiff in a case involving an injury to plaintiff Curtis Cadoree when, in attempting to walk onto and cross a railroad track, he was struck by a train. The jury found the plaintiff guilty of contributory negligence but it also found that the case was one of discovered peril and that the defendant failed to exercise care after the peril was discovered. The factual evidence is really not conflicting. The plaintiff, a negro boy sixteen years old, was trotting along the outside of the railroad track for some distance and then stepped onto the track and attempted to cross over. The defendant moved for a directed verdict below, and here seeks a reversal on the ground that the evidence did not make out a case of discovered peril.

The parties cite Texas cases which are claimed to support the respective contentions, and it must be said that because of the many cases which have been decided on the point and the looseness of the language used in some of them, the Texas law of the case is not as clear as it should be.[1]

It is not disputed that Texas is one of the states in which the doctrine of discovered peril *requires an actual discovery of the peril and not the exercise of due care to discover it.* The divergencies and confusion in the opinions of the Supreme Court arise, we think, out of the failure of some of the writers to fully understand the doctrine as applied in Texas, especially as it respects the issue of actual realization of the perilous plight of the plaintiff and his inability to extricate himself therefrom.

We, however, recognize that, under the Erie rule, Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, we must, if we can find it, follow the true, the controlling, rule laid down and applied in the Texas cases, notwithstanding the many divergent and discrepant opinions that have been written on the point at issue here and the failure

* Of the District of Columbia Circuit, sitting by designation.

1. Case Note—Negligence—Discovered Peril, Ford v. Panhandle, 151 Tex. 538, 252 S.W.2d 561 (1952); Texas Law Review, Vol. 32, p. 238 et seq., discussing the Ford case, appellee's main reliance, contains a citation of many cases and a fair discussion of their purport.

of the conflicting opinions to expressly overrule those opinions with which they conflict. Though, therefore, it is difficult if not impossible to say precisely what the Texas law is on the point, that is which of the opinions, conflicting as they are, is the authoritative one, we are constrained to determine for ourselves as best we can what the Texas law is as applied to the case before us. As a result of doing so, we have concluded that the district judge did not err in refusing to direct a verdict for defendant or in the giving and refusing of charges and instructions to the jury.

 We are also of the view that, in denying defendant's motion for new trial on account of newly discovered evidence, the district judge acted within his discretion. No reversible error appearing, the judgment is affirmed.