ALLEN, ADMINISTRATOR *v.* ARTHUR, ETC.

[No. 20,464. Filed October 27, 1966.]

D. *Joe Gabbert,* and *Dix, Dix, Patrick, Ratcliffe & Adamson,* of Terre Haute, for appellant.

*N. George Nasser* and *Charles W. Vincent,* of Terre Haute, for appellee.

FAULCONER, J.—This action was brought by appellee, Gerald F. Arthur, by his next friend, N. George Nasser, to recover damages for personal injuries allegedly sustained as the result of an automobile collision occasioned by the alleged negligence of appellant's decedent.

Trial was by jury which rendered a verdict for appellee, and consistent judgment was entered thereon.

The sole error assigned for reversal is that the court erred in overruling appellant's motion for new trial.

Appellant argues as error only the giving of plaintiff-appellee's tendered Instruction No. 21. Appellee states in his answer brief, at page 5, that:

> "Appellant's written objections directed to the giving of said instruction and presented in full in the argument portion of his brief comprise six rhetorical paragraphs. However, a close perusal of those paragraphs leads to the conclusion that rhetorical paragraphs one, two and four thereof are the only paragraphs to which the one proposition contained in appellant's argument could be applied and designed to support."

Rhetorical paragraphs 1, 2 and 4 of appellant's objections to appellee's Instruction No. 21 are as follows:

> "1.  Said instruction allows the jury to take into consideration in the assessment of damages any loss which the plaintiff has sustained in the way of earnings without limiting said loss of earnings to that period of time on or after February 5 of 1960.
> "2.  That the undisputed evidence is that the plaintiff was a minor of the age of 17 years and that he resided in the household of his mother and that parental control was

exercised over him by his mother during the period of October 19, 1957 to February 5, 1960. That as such the sole surviving parent, Mrs. Arthur, had the right under Burns 2-217 [Acts 1951, ch. 112, § 1, p. 307, § 2-217, Burns' 1966 Cum. Supp.] to the earnings of the plaintiff and that such earnings were not an item of damage to him personally.

. . . . .

"4. The defendant further objects to the last sentence *or phrase* in the first paragraph of said instruction which allows the jury to consider any reasonable medical and hospital expenses necessarily incurred by reason of such injuries and also any which may be incurred in the future in spite of the fact that the evidence in this case does not show that the medical and hospital expenses introduced were reasonable and the undisputed evidence shows that the plaintiff was a minor of the age of 17 years and was unemancipated in which case the sole surviving parent of said minor was responsible for the necessaries furnished to minor and was entitled to the recovery therefor under Burns 2-217 [§2-217, *supra*]."

Appellant cites as one authority for reversal the statement of our Supreme Court in *Chicago, etc., R. Co.* v. *Seaman* (1914), 182 Ind. 370, at page 371, 105 N. E. 234, that:

"It is well settled that, unless emancipated, a minor, in an action for personal injuries, is not entitled to recover for loss of time, loss of wages, or decreased earning power during his minority, for the reason that his wages earned during that period belong to his parents."

Appellee alleged in rhetorical paragraph one of his amended complaint that "he is a minor and his age is 17 years and he brings this action by next friend." This action was tried under Acts 1955, ch. 257, § 1, p. 666, § 2-403, Burns' 1966 Cum. Supp., limiting recovery to a maximum of $5,000, and reasonable hospital and medical expenses. Appellee prayed judgment in the sum of $6,713.90, and the jury returned a verdict of $6,600, in which latter amount judgment was entered.

The issue presented to us in this appeal is whether the evidence supports the giving of Instruction No. 21. The instruction was proper and, therefore, the judgment is correct if the

evidence supports either, that appellee was an emancipated minor at the time of the accident or, if he was not emancipated until his marriage 27 months after the accident, the evidence after his marriage would substantiate the amount awarded. In other words, if appellee was not emancipated, viewing the evidence in his favor, until his marriage, then certain damages suffered during the time of his being unemancipated would not be proper consideration for the jury in assessing the amount of damages. These damages would be recoverable by his parent under the law and not by him.

Emancipation, as applied to the relinquishment of the claim to services of a minor child, means to free a child for all period of its minority, from care, custody, control ■ and service. *Corbridge* v. *Corbridge* (1952), 230 Ind. 201, 208, 102 N. E. 2d 764; *Wabash R. Co.* v. *McDoniels* (1915), 183 Ind. 104, 110, 107 N. E. 291; *Public Service Co.* v. *Tackett, Admr.* (1943), 113 Ind. App. 307, 311, 47 N. E. 2d 851.

> "If the child has been emancipated, the parents are no longer entitled to the child's wages—even during minority —and the right to recover for lost time and impaired earning capacity is in the child." 22 Am. Jur., 2d Damages, § 101, p. 149. *Jenison and Others* v. *Graves and Another* (1831), 2 Blackf. 440, 450.

What constitutes emancipation of a minor child is a question of law, but whether there has been an emancipation is a question of fact. *Stitle* v. *Stitle* (1964), 245 Ind. ■ 168, 197 N. E. 2d 174, 182; *Corbridge* v. *Corbridge, supra* (1952), 230 Ind. 201, 208, 102 N. E. 2d 764. 22 I. L. E., Parent and Child, § 18, p. 366.

Emancipation of a child is never presumed but must be established by competent evidence, although to do so does not require proof of an express or formal contract. ■ *Surface* v. *Dorrell* (1944), 115 Ind. App. 244, 250, 57 N. E. 2d 66 (Transfer denied). 22 I. L. E., Parent and Child, § 18, pp. 366-367, supra, and cases there cited.

Emancipation may be shown by circumstancial evidence, by express agreement, or by the conduct of the parties, or by the acts and conduct of the parent and child. *Hensley, Admr.* v. *Hilton* (1921), 191 Ind. 309, 318, 131 N. E. 38; *Robinson & Company* v. *Hathaway, et al.* (1898), 150 Ind. 679, 683, 50 N. E. 883; *Surface* v. *Dorrell, supra; Story, etc. Piano Co.* v. *Davy* (1918), 68 Ind. App. 150, 157, 119 N. E. 177.

We cannot agree with appellant's contention that the evidence is "undisputed" that appellee was unemancipated. However, we are of the opinion that the evidence produced by appellee on the issue of appellee's emancipation was insufficient to support a finding that he was emancipated prior to his marriage. The only evidence produced by appellee as to his being emancipated (prior to his marriage) was to the effect that prior to and at the time of the accident he was employed at a filling station on Saturdays and Sundays and was paid $7.50 per day; that his mother was not employed but received social security; that he owned a 1957 Chevrolet which he maintained out of his earnings; and that he bought provisions for school and clothing out of his earnings and gave what was left to his mother if she needed it. The evidence further shows that he lived with his mother and a sister and that his father was deceased.

Therefore, not being an emancipated minor (prior to his marriage) appellee was only entitled to recover for those damages and expenses, proximately caused by the negligence of appellant's decedent, suffered and incurred after his marriage since appellant admits appellee was emancipated by his marriage.

We are of the opinion that the evidence supports that part of the verdict and judgment up to $5,000. There is ample evidence in the record of loss of earnings, pain, suffering and possible permanent injury, proximately caused by said colli-

sion and the negligence of appellant's decedent, which the jury could have legitimately found and considered as occurring after appellee's emancipation by marriage. Among this evidence is the testimony of Dr. Paul Humphrey, one of the physicians who examined and treated appellee in the hospital immediately after the accident and again in 1958, 1959, 1960, and 1962. This witness testified that at the last examination of appellee, on May 28, 1965, "there were no marked findings except then, as on each and every time I [the witness] have ever examined, [appellee] he had a tender and enlarged prostate gland which the mere touching of this gland almost causes him to faint"; that "[i]n fact he has fainted on one occasion in the office during such an examination"; that at the time of this examination appellee's complaints were so marked that he (the witness) felt it was necessary to admit appellee to the hospital where a very thorough examination was made, including physical examination, laboratory findings and X-ray, and that one positive finding was made at this time which was different than anything found before; that the symptoms for which appellee had been admitted to the hospital could be accounted for by the fact that an ulcer in the duodenum was found; that this was the main positive physical abnormality that was found in the hospital admission that week; that during appellee's last office examination he complained of pain, which was mostly on his left side, the side of his injured kidney, in the lumbar region; that appellee stated that he felt like pins were sticking him in this area, and complained of bloating, gas on the stomach, and that he couldn't sit for a long period of time without getting pain between his legs; and that he complained of neck and shoulder pain, and pain that "comes around the head like he was wearing a band." That appellee complained of frequency of urination, slowness in passing his urine; that his bowel habits were reasonably good except some constipation and the feeling of fullness in his rectum. This witness further testified that in

his opinion the ulcer is a condition developed secondary to anxiety and nervousness, and that appellee had been anxious and nervous in the past few years which could have caused the ulcer; that he was not aware of any unusual factor, as far as appellee's job and home life were concerned, that would play a part in this condition; and that appellee having gone through this experience over the past eight years was certainly amenable of developing anxiety states which ultimately might cause a person to develop an ulcer; that as to the prognosis of appellee's physical condition, the main concern would be proper diet in the management of the ulcer; that the residual danger to the urinary tract is possibly a concern of appellee for many years and, in his opinion, for the rest of appellee's life; that it undoubtedly, at various times, would be necessary for appellee to require the passage to be opened so he can urinate freely; that it will require constant check of the urine to determine if infection is present or absent, and medication at times; that there is possibly some damage to a section of appellee's kidney where it was torn and the blood supply is not healthy that may in the future cause him trouble; and that injury to one kidney or disease, medical diseases sofar as that is concerned, to one kidney has been known to cause high blood pressure in later years.

Under § 2-403, *supra,* in effect at the time of this action, appellee was entitled to recover, in addition to the $5,000, reasonable hospital and medical expenses incurred after his emancipation by his marriage in February, 1960. Although there is evidence in the record of treatment of appellee by physicians and hospital confinement which took place after his marriage, there is no evidence of the expenses incurred by appellee for these treatments and confinements. The only evidence produced at the trial of amounts incurred for medical and hospital expenses, incurred by appellee as a result of the injuries he received, cover that period from the date of the accident to his marriage, during which period we have found he was an unemancipated minor. It is interesting to

note that from the evidence introduced the total amount incurred by appellee for medical and hospital care during this period was approximately $1,575.

Therefore, it was error for the jury to consider this evidence in arriving at its amount for reasonable medical and hospital expenses since appellee was not emancipated at the time of their incurrence. Since there is a total failure of proof to support that part of the verdict of the jury over $5,000, namely, $1,600, we are of the opinion a remittitur by appellee to appellant in the amount of $1,600 should be ordered, and if such remittitur is made as ordered the judgment should be affirmed; otherwise, appellant's motion for new trial should be granted.

Therefore, a remittitur by appellee to appellant in the sum of $1,600 is hereby ordered. If such remittitur is filed within 30 days after the final date of this opinion, the judgment as so remitted is affirmed; otherwise, such judgment is reversed with instructions to grant appellant's motion for a new trial.

Wickens, P.J., Carson and Prime, JJ., concur.

NOTE.—Reported in 220 N. E. 2d 658.