Steven **MANN**, by his next friend, Joan Neville, Plaintiff-Appellee,

v.

Jacqueline L. **ANDERSON**, Defendant-Appellant.

No. 18821.

United States Court of Appeals, Seventh Circuit.

Aug. 12, 1971.

Rehearing Denied Sept. 13, 1971.

---

Gerald H. McGlone, Terre Haute, Ind., for defendant-appellant.

Hansford C. Mann, Terre Haute, Ind., for plaintiff-appellee.

Before KILEY, FAIRCHILD and SPRECHER, Circuit Judges.

SPRECHER, Circuit Judge.

This is a diversity case [1] resulting from an automobile accident which occurred on January 9, 1969, in Terre Haute, Indiana. Driving down an icy street on her way home from work, the defendant struck the six-year-old plaintiff as he was crossing the street. The plaintiff suffered a broken collarbone and several serious burns.

Plaintiff alleged that defendant was negligent in failing to keep a lookout and in failing to maintain control of her car in order to avoid the accident. The jury returned a verdict for the plaintiff and assessed damages of $25,000.

I

Defendant raises a number of issues which together present a challenge to the jury finding that defendant's negligence was the proximate cause of the accident.

Defendant first questions the Indiana rule that a child under seven years old is incapable of contributory negligence. Defendant attempted to place the question before the jury by (1) cross-examining the plaintiff as to his ability to cross streets safely; (2) calling as a witness plaintiff's kindergarten teacher, to testify about the traffic safety program in her class; and (3) tendering several instructions on contributory negligence. Each of defendant's attempts was thwarted by the trial court, which followed Indiana law that a six-year-old child cannot be contributorily negligent. Bottorff v. South Construction Co., 184 Ind. 221, 110 N.E. 977 (1916); Indiana Pattern Jury Instruction 5.25.

---

1. After the accident but before the suit was instituted, plaintiff moved to Michigan. Defendant is an Indiana citizen.

Defendant cites several recent Indiana and federal cases which she believes show a willingness of Indiana courts to consider a child's capability for negligence to be a question of fact. The court in Wozniczka v. McKean, Ind.App., 247 N.E.2d 215 (1969), held that the capacity of a five-year-old boy to understand the danger of a particular fire was a question of fact. The question was relevant to the determination of defendant's negligence in maintaining an attractive nuisance, however, and not to the possibility that the boy was contributorily negligent in approaching the fire. In Echevarria v. United States Steel Corp., 392 F.2d 885 (7th Cir. 1968), an eight-year-old with the mental capacity of a five-year-old was called *non sui juris* without discussion. But the common-law presumption defeats the defendant's argument that a five-year-old with a mental capacity of eight must therefore be capable of contributory negligence. Cases which apply traffic laws to minors have involved children over seven who were driving wheeled vehicles. The rationale of these cases does not dictate the application of pedestrian statutes to children under seven for the purpose of determining their negligence.[2] Ewing v. Biddle, 141 Ind.App. 25, 216 N.E.2d 863 (1966); Bixenman v. Hall, 141 Ind.App. 628, 231 N.E.2d 530 (1967), modified, 251 Ind. 527, 242 N.E.2d 837 (1968).

■ Defendant makes several plausible, even persuasive, arguments for a more flexible rule on the contributory negligence of minors. But such arguments should be addressed to the Indiana courts; the federal district court had no choice but to apply the well-established Indiana law.

■ In attempting to place evidence of plaintiff's or his mother's negligence before the jury, defendant's attorney offered to prove a conversation between plaintiff and his mother immediately before the accident.[3] The trial judge refused to allow the attorney to cross-examine plaintiff about the conversation on the ground that it was irrelevant. We believe this ruling was correct.

■ Certainly the conversation was irrelevant to plaintiff's negligence, since he was incapable as a matter of law of contributing to the accident. Any possible negligence by his mother in allowing plaintiff to cross the street by himself was immaterial, because a parent's negligence cannot be imputed to his child to defeat the child's cause of action. Evansville v. Senhenn, 151 Ind. 42, 47 N.E. 634, 51 N.E. 88 (1897); Gillam v. J. C. Penney Co., 341 F.2d 457 (7th Cir. 1965).

■■ Defendant argues that the jury should have heard evidence of the mother's negligence because that negligence was the proximate cause of the accident. Again the evidence was irrelevant, because defendant can be held liable even if her negligence was not the sole proximate cause. Elder v. Fisher, 247 Ind. 598, 217 N.E.2d 847 (1966); New York Central R.R. Co. v. Cavinder, 141 Ind.App. 42, 211 N.E.2d 502 (1965). If plaintiff's mother contributed to the cause of the accident, that fact does not relieve defendant of liability since the jury found that defendant's negligence proximately caused plaintiff's injury.

■ Defendant disputes the sufficiency of the evidence to support the verdict. The reviewing court, of course, may not weigh the evidence; its duty is to determine whether the evidence most favorable to the appellee will sustain a jury verdict. There was evidence upon which the jury could have found the following:

When plaintiff left his house in the middle of the block, he saw defendant's car at the intersection to the north. He believed he could beat the car across the

2. For this reason, the refusal of defendant's instructions 28, 29, 30 and 31 and the exclusion of defendant's exhibit I were proper.

3. Plaintiff in a deposition said he had asked his mother to take him across the street; she declined but told him to go by himself and to "watch out."

street. Reaching defendant's lane, he slipped and fell and could not get up again because the pavement was icy. An eyewitness testified that defendant had her head turned and was talking with a front-seat passenger. Plaintiff was dragged some distance under the car before defendant could stop. From this evidence, the jury could have found that defendant was negligent and caused the accident.

■ Defendant further objects that the court incorrectly instructed the jury on proximate cause by omitting the element of foreseeability.[4] The court's instruction follows almost verbatim the definition of proximate cause given in Indiana decisions. Louisville and Jefferson Ferry Co. v. Nolan, 135 Ind. 60, 34 N.E. 710 (1893); New York Central R. R. Co. v. Cavinder, 141 Ind.App. 42, 211 N.E.2d 502 (1965). Indiana cases have also defined proximate cause in terms of foreseeability (Elder v. Fisher, 247 Ind. 598, 217 N.E.2d 847 (1966); New York Central R. R. Co. v. Cavinder, *supra*), but no court has found error in omitting foreseeability from a proximate-cause instruction.

Even if the omission were erroneous, it could not have prejudiced defendant. First, the court did give an instruction (No. 10) that defendant would not be liable if she had been confronted with a sudden emergency and insufficient time to choose a safe course of conduct. Second, defendant can hardly argue that inattentiveness and failure to control her car, of which the jury found her guilty, could not foreseeably have resulted in injury to a child crossing the street.

■ Defendant also asserts as error the court's refusal of three of defendant's instructions.[5] Defendant relies on Acme-Evans Co. v. Schnepf, 105 Ind.App. 475, 15 N.E.2d 742 (1938),[6] in which the court held that instructions similar to defendant's must be given so the jury may consider defendant's theory of the case. Refusal of these instructions constitutes reversible error, however, only if the instructions state the law correctly and if the given instructions do not adequately present defendant's theory. Acme-Evans Co. v. Schnepf, *supra*; Van Sick-

4. Court's instruction 8 (similar to Indiana Pattern Jury Instruction 5.81) states: "Proximate cause is that act or omission which, in natural and continuous sequence, unbroken by any efficient intervening cause, produces the injury or damage complained of and without which the result would not have occurred." Defendant objected to the instruction and offered her own instruction on proximate cause, which includes the following statement: "An act or omission may be a proximate cause only if it was reasonably foreseeable before the injury that such act or omission was likely to have caused or resulted in the particular injury."

5. Defendant's instruction 4 reads: "If you find from a preponderance of the evidence that the plaintiff, Steven Mann, acted in violation of a State statute or City ordinance, then, you have the right to consider such conduct of the plaintiff as bearing upon the issue of whether or not the defendant drove and operated her automobile at the time and place in question in the exercise of reasonable and ordinary care. This rule applies even if

you have found by a preponderance of the evidence that the plaintiff, Steven Mann, because of his age, capacity, knowledge, experience, and intelligence was not capable of contributory negligence."

Instruction 5 is identical to 4 except for the last sentence: "This rule applies even though, because of the plaintiff's age, at the time of this occurrence, he could not be guilty of contributory negligence so as to bar a recovery by him."

Defendant's instruction 32 states: "If you find from a preponderance of the evidence that the plaintiff suddenly ran into the traveled portion of South 17th Street and in front of defendant's automobile, then I instruct you that you have the right to consider said fact, together with all the other evidence in the case with respect to the defendant's alleged negligence, in determining whether the defendant, Jacqueline Anderson, was negligent."

6. There is an identical and almost simultaneous ruling in Acme-Evans Co. v. Schnepf, 214 Ind. 394, 14 N.E.2d 561 (1938).

le v. Kokomo Water Works Co., 239 Ind. 612, 158 N.E.2d 460 (1959).

Defendant's instruction 4 is obviously improper, because the question of plaintiff's capacity for contributory negligence was not submitted to the jury. Instructions 5 and 32 explicated defendant's theory that she was not negligent because plaintiff had darted out in front of her so suddenly that she was unable to avoid hitting him. We believe that several of the court's instructions, read together, presented the "dart-out" defense clearly enough that refusal of defendant's instructions was not an error. Court's instructions 7 (reasonable and ordinary care), 8 (proximate cause), 9 (negligence) and 10 (sudden emergency) told the jury that, if defendant had exercised reasonable care and had not caused the accident, she could not be held liable. Certainly the jurors, from testimony, argument and instructions, had the defense theory well in mind; they decided to reject it. Likewise, defendant's instructions 36, 2, 26, 10, 25, 39 and 3 were merely abstract statements of a motorist's rights and duties concerning pedestrians and would have added nothing of substance to the court's instructions on reasonable care and negligence.

We must conclude that none of defendant's attacks on the validity of the verdict can succeed.

## II

Defendant next contends that the district court erred in allowing the jury to consider the expense of future medical care in determining plaintiff's damages.[7] Defendant objected to the instruction on the ground that such an expense is an element of damages to a minor's parent, guardian or custodian, but not to the child himself.

Defendant's only authority for the proposition that a child may not recover medical expenses to be incurred before his emancipation is a 1966 Indiana Appellate Court decision, Allen v. Arthur, 139 Ind.App. 460, 220 N.E.2d 658. There the court ordered a $1,600 remittitur for medical care provided between the time of plaintiff's accident and his emancipation. The court held that only the parent, not the child, could recover such damages, but cited no Indiana case or statute to support that result. 139 Ind.App. at 463, 220 N.E.2d at 661.[8]

A review of Indiana tort law convinces us that Allen v. Arthur is not compatible with previous cases.[9] The Indiana statute [10] granting a parent an action for the wrongful death or injury of his child has been on the books since 1881, yet no case before Allen v. Arthur has held that the parent's right to recover for his child's medical expenses is exclusive. One court held the exact opposite: "Although the father is liable for

---

7. Court's instruction 23 states: "If you find for the Plaintiff on the question of liability, you then must determine the amount of money which will fairly compensate Plaintiff for those elements of damage which were proven by the evidence to have resulted from the negligence of the Defendant. You may consider: * * * (e) The reasonable expense of future medical care treatment, and services, if any. * * * "

8. The plaintiff in Allen v. Arthur did not file a petition to transfer, so the Indiana Supreme Court had no opportunity to review the decision.

9. It is, of course, our duty to determine from among conflicting cases what the Indiana law really is. Texas & N.O.R.R.

Co. v. Cadoree, 333 F.2d 682 (5th Cir. 1964).

10. Ind.Anno.Stat. § 2-217 (Burns 1967) states: "A father, or in case of his death, or desertion of his family, or imprisonment, the mother, or in case of divorce the person to whom custody of the child was awarded, may maintain an action for the injury or death of a child; and a guardian may maintain such action for the injury or death of his ward; in case of death of the person to whom custody of the child was awarded, a guardian shall be appointed to maintain an action for the injury or death of his ward. But when the action is brought by the guardian for an injury to his ward, the damages shall inure to the benefit of his ward."

necessaries furnished a minor, yet the obligation for such is also a debt of the minor, and it is not improper to allow him to recover for his medical expenses." Central Indiana Ry. Co. v. Clark, 63 Ind. App. 49, 112 N.E. 892 (1916). Analagous cases involving a wife's medical expenses are in agreement that a wife suing on her own behalf may recover such damages, as long as there is no chance of double recovery. Columbus v. Strassner, 138 Ind. 301, 34 N.E. 5, 37 N.E. 719 (1894); Hickey v. Shoemaker, 132 Ind. App. 136, 167 N.E.2d 487 (1960); Board of Commissioners v. Castetter, 7 Ind. App. 309, 33 N.E. 986, 34 N.E. 687 (1893).

Defendant cites cases in which the parent was allowed to recover medical expenses under § 2–217, I.C.1971, 34–1–1–8, Automobile Underwriters, Inc. v. Camp, 109 Ind.App. 389, 32 N.E.2d 112 (1941), and in which the parent could not recover such damages if his spouse was contributorily negligent, Gillam v. J. C. Penney Co., 341 F.2d 457 (7th Cir. 1965). But these cases do not support a rule denying medical expenses to a child who brings his own action for personal injuries. We conclude that the district court correctly permitted the jury to award damages to plaintiff for his future medical expenses. We do not agree with defendant that medical expenses were outside the issues in the case or were speculative, in view of the testimony of defendant's own witness, Dr. Raber.

### III

Defendant's final assertion of error is the refusal of an instruction that the jury could assume that witnesses not called by plaintiff though presumably friendly to him would have given testimony unfavorable to him. She believes she was entitled to the instruction because plaintiff did not call as witnesses his mother, his stepfather or the treating physician.

Defendant cites two cases, Hiner v. Indiana, 196 Ind. 594, 149 N.E. 168 (1925), and Neidhoefer v. Automobile Ins. Co., 182 F.2d 269 (7th Cir. 1950). *Hiner* was a criminal case in which the prosecution failed to prove an element of the crime; its holding does not support defendant's position. In *Neidhoefer*, the court said the presumption of unfavorable testimony arises when there is a failure to produce evidence "which under the circumstances would be expected." There neither the plaintiff nor his wife, whose property was lost, testified.

The district court did not err in ruling that plaintiff's mother, stepfather and doctor would not be expected to testify. The parents were inside the house and did not see the accident. Any testimony about the mother's possible negligence was irrelevant, as we ruled above. Plaintiff testified about his injuries and displayed the disfigurement of scars from the burns he had suffered. Dr. Raber, a plastic surgeon called by the defense, had been consulted by the attending physician. His testimony covered future medical expenses, so the treating doctor's testimony was not necessary.

Besides, another line of Indiana cases has held that no presumption arises from the failure to produce a witness who is available to both sides. Haymond v. Saucer, 84 Ind. 3 (1882); Cauldwell, Inc. v. Patterson, 133 Ind.App. 138, 177 N.E. 2d 490 (1961). Refusal of defendant's instruction 24 was proper.

We conclude that the judgment of the trial court, awarding $25,000 to plaintiff, must be affirmed.

Affirmed.